POMERANTZ LLP
Thomas H. Przybylowski
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
tprzybylowski@pomlaw.com

*Counsel for the New York City Public
Pension Funds and Proposed Lead
Counsel for the Class*

[Additional counsel on signature page.]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN BRAZINSKY, Individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>        v.<br><br>AT&T INC., RANDALL L. STEPHENSON, JOHN T. STANKEY, PASCAL DESROCHES, and JOHN STEPHENS,<br><br>        Defendants. | Case No. 2:23-cv-04064-KM-JBC<br><br>MEMORANDUM OF LAW: (1) IN FURTHER SUPPORT OF MOTION OF THE NEW YORK CITY PUBLIC PENSION FUNDS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL; AND (2) IN OPPOSITION TO COMPETING MOTIONS<br><br>Motion Date: November 6, 2023 |

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ...............................................................................1

ARGUMENT ........................................................................................................4

      A.     THE NYC FUNDS SHOULD BE APPOINTED
            LEAD PLAINTIFF .......................................................................4

            1.    The NYC Funds Have the Largest Financial Interest of
                 any Movant ...................................................................5

            2.    The NYC Funds Also Satisfy the Requirements of
                 Rule 23 ........................................................................6

      B.     LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD
            BE APPROVED ..........................................................................10

CONCLUSION ....................................................................................................11

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*DiNapoli v. Stephen A. Wynn,*
No. A-18-770013-B (Nev. Dist. Ct.) ........................................................................8

*Grodko v. Cent. European Distribution Corp.,*
No. 12-5530, 2012 WL 6595931 (D.N.J. Dec. 17, 2012) ...................................7

*In re Cendant Corp. Litig.,*
264 F.3d 201 (3d Cir. 2001) .............................................................5, 6, 7, 9

*In re Countrywide Financial Corp. Securities Litigation,*
No. 07-cv-5295 (C.D. Cal.) ...............................................................................8

*In re Ins. Brokerage Antitrust Litig.,*
297 F.R.D. 136 (D.N.J. 2013) ............................................................................4

*In re Juniper Networks, Inc. Securities Litigation,*
No. 3:06-cv-4327-MJJ (N.D. Cal.) .....................................................................8

*In re Merck & Co., Inc. Vytorin Erisa Litig.,*
No. CIV.A. 08-CV-285DMC, 2010 WL 547613
(D.N.J. Feb. 9, 2010) ........................................................................................4

*In re Molson Coors Brewing Co. Sec. Litig.,*
233 F.R.D. 147 (D. Del. 2005) .......................................................................7, 10

*In re Petrobras Secs. Litig.,*
104 F. Supp. 3d 618 (S.D.N.Y. 2015) ............................................................9, 11

*In re Wachovia Equity Securities Litigation,*
No. 08-cv-6161 (S.D.N.Y.) ................................................................................8

*Kanefsky v. Honeywell Int'l Inc. Darius Adamczyk,*
2022 WL 1320827 (D.N.J. May 3, 2022) ............................................................4

*Milliron v. T-Mobile USA, Inc.,*
No. 08-4149, 2009 WL 3345762 (D.N.J. Sept. 10, 2009) ...................................4

*Pelletier v. Endo Int'l PLC*,
   316 F. Supp. 3d 846 (E.D. Pa. 2018)........................................................................8

*Roby v. Ocean Power Techs.*,
   Inc., No. 14-CV-3799 FLW LHG, 2015 WL 1334320
   (D.N.J. Mar. 17, 2015)........................................................................2, 5

*Roofers' Pension Fund v. Papa*,
   No. 2:16-cv-02805 (D.N.J.)........................................................................11

*Rubenstahl v. Philip Morris Int'l, Inc.*,
   No. 17- 13504 (ES) (MAH), 2019 WL 585429
   (D.N.J. Feb. 13, 2019) ........................................................................9

*Soto v. Hensler*,
   235 F. Supp. 3d 607 (D. Del. 2017)........................................................................2, 5

*The New York City Fire Department Pension Fund et al v. Coupang,
   Inc. et al*,
   No. 1:22-cv-07309 (S.D.N.Y.) ........................................................................9

**Statutes**

15 U.S.C. § 78u-4........................................................................*passim*

Private Securities Litigation Reform Act of 1995 ........................................................................*passim*

Securities Exchange Act of 1934 ........................................................................6

**Rules**

Fed. R. Civ. P. 23 ........................................................................*passim*

Lead Plaintiff Movants the NYC Funds[1] respectfully submit this Memorandum of Law in further support of their motion for appointment as Lead Plaintiff and approval of their selection of Pomerantz as Lead Counsel (Dkt. No. 14); and in opposition to the competing motion of New Mexico State Investment Council ("NMSIC") (Dkt. No. 11).[2]

## PRELIMINARY STATEMENT

The PSLRA requires that the Court appoint as Lead Plaintiff in this Action the "most adequate plaintiff" of the Class within the meaning of the statute. 15 U.S.C. § 78u-4(a)(3)(B)(i). Pursuant to the PSLRA, a movant is entitled to a rebuttable presumption that it is the "most adequate plaintiff" if the movant both: (i) has the greatest financial interest in the outcome of the litigation among the eligible movants seeking appointment; and (ii) satisfies the adequacy and typicality requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-

---

[1] Unless otherwise defined herein, all capitalized terms shall have the same meanings as set forth in the NYC Funds' moving brief. *See* Dkt. No. 14-2.

[2] Initially five other putative Class members filed similar competing motions: (i) Bridget N. Smagala Revocable Trust U/A DTD 06/02/2005 (the "Trust") (Dkt. No. 9); (ii) Suresh Kodali ("Kodali") (Dkt. No. 10); (iii) the General Retirement System of the City of Detroit ("Detroit") (Dkt. No. 5); (iv) Haresh Joshi ("Joshi") (Dkt. No. 12); and (v) Velliv, Pension & Livsforsikring A/S ("Velliv") (Dkt. No. 13). After reviewing the competing motions, the Trust, Kodali, Detroit, and Joshi each filed notices of non-opposition to the competing motions. *See* Dkt. Nos. 19, 24, 25, 26. In addition, Velliv filed a response in support of its motion in which it stated no opposition to the competing motions and acknowledged that it does not have the largest financial interest in this litigation. *See generally* Dkt. No. 28.

4(a)(3)(B)(iii)(I).  The "most adequate plaintiff" presumption may only be rebutted "upon proof . . . that the presumptively most adequate plaintiff . . . will not fairly and adequately protect the interests of the class; or is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Here, those movants are the NYC Funds, which incurred a loss of approximately $102,576,706 under the class period alleged in the Action, and $96,397,516 under the class period alleged in the *RSCD* Action[3], in connection with their Class Period purchases of AT&T securities, including both common stock and bonds.  *Soto v. Hensler*, 235 F. Supp. 3d 607, 615 (D. Del. 2017) (stating that "[c]ourts in [the Third Circuit] have afforded [the approximate losses suffered] the most weight" when determining financial interest) (citing *Roby v. Ocean Power Techs.*, Inc., No. 14-CV-3799 FLW LHG, 2015 WL 1334320, at *5 (D.N.J. Mar. 17, 2015)).

The table below sets for the respective losses of the competing movants under the class periods alleged in the Action and the *RSCD* Action:

| Movant | Loss | |
|---|---|---|
| | Action (3/1/2020-4/26/2023) | *RSCD Action* (11/2/2018-4/26/2023) |
| NYC Funds | $102,576,706 | $96,397,516 |
| NMSIC | $10,439,326 | $12,420,208 |

[3] On October 4, 2023, the *RSCD* Action was voluntarily dismissed.  *See RSCD Action*, Dkt. No. 38.

2

As the table reflects, the NYC Funds incurred a loss of approximately $102.5 million under the class period alleged in the Action, more than *$92 million* greater than the losses claimed by NMSIC, the only other competing movant, and $96.4 million under the class period alleged in the *RSCD* Action, nearly *$84 million* greater than the losses claimed by NMSIC.  As such, it cannot reasonably be disputed that the NYC Funds have alleged the largest financial interest in this litigation.

In addition to their massive financial interest in this litigation, the NYC Funds strongly satisfy the adequacy and typicality requirements of Rule 23.  The NYC Funds are sophisticated institutional investors with significant assets under management, and as such are paradigmatic lead plaintiffs whose appointment would advance the PSLRA's goal of "increasing the role of institutional investors in class actions" in order to "benefit shareholders and assist courts by improving the quality of representation in securities class actions."  H.R. Conf. Rep. No. 104-369, at 34 (1995), reprinted in U.S.C.C.A.N. 730, 733.

Possessing the largest financial interest of any movant and having established their adequacy and typicality within the meaning of Rule 23, the NYC Funds are entitled to the statutory presumption that they are the "most adequate plaintiffs" of the Class within the meaning of the PSLRA.  Because the NYC Funds are neither subject to unique defenses nor otherwise unable to fairly and adequately protect the interests of other Class members, there is nothing to rebut the presumption in favor

of their appointment as Lead Plaintiffs.  The NYC Funds negotiated with counsel a retainer in this case that provides for an attorney's fee significantly lower than the one-third benchmark typically awarded in the Third Circuit, thereby further demonstrating their adequacy.  *See*, *e.g.*, *Kanefsky v. Honeywell Int'l Inc. Darius Adamczyk*, 2022 WL 1320827, at *11 (D.N.J. May 3, 2022) (finding attorneys' fees of approximately one-third to be reasonable); *In re Ins. Brokerage Antitrust Litig.*, 297 F.R.D. 136, 155 (D.N.J. 2013) (approving fee award equal to 33.33%); *In re Merck & Co., Inc. Vytorin Erisa Litig.*, No. CIV.A. 08-CV-285DMC, 2010 WL 547613, at *11-*12 (D.N.J. Feb. 9, 2010) (same); *Milliron v. T-Mobile USA, Inc.*, No. 08-4149, 2009 WL 3345762, at *14 (D.N.J. Sept. 10, 2009) (same).  The NYC Funds respectfully offer to submit the retainer for the Court's in camera review.

Accordingly, for the reasons set forth herein, the NYC Funds respectfully submit that the Court should grant their motion in its entirety and deny the competing motion of NMSIC.

## **ARGUMENT**

### **A.   THE NYC FUNDS SHOULD BE APPOINTED LEAD PLAINTIFF**

The PSLRA creates a strong presumption that the Lead Plaintiff is the "person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  The movant that has the largest financial interest need only make

4

a preliminary showing that it satisfies Rule 23's typicality and adequacy requirements. *See In re Cendant Corp. Litig.*, 264 F.3d 201, 264 (3d Cir. 2001) (finding that at this stage the Rule 23 inquiry "need not be extensive"). Once this presumption is triggered, it can only be rebutted upon "***proof***" that the presumptive Lead Plaintiff will not fairly represent the interests of the Class—whether another movant might somehow better protect the interests of the Class is irrelevant. 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II) (emphasis added). Here, the most adequate class representatives are the NYC Funds.

### 1.    The NYC Funds Have the Largest Financial Interest of any Movant

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). While the PSLRA itself does not provide any guidance concerning the method of calculating which plaintiff has the "largest financial interest", courts in the Third Circuit and around the country recognize that the amount of financial loss is the most significant factor to be considered. *See, e.g.*, *Soto*, 235 F. Supp. at 615 (stating that "[c]ourts in [the Third Circuit] have afforded [the approximate losses suffered] the most weight" when determining financial interest) (citing *Roby*, 2015 WL 1334320, at *5). As the chart at p. 2 reflects, as a result of Defendants' malfeasance, the NYC Funds incurred losses of approximately $102.5 million under the class period alleged

5

in the Action, more than $92 million greater than the losses claimed by NMSIC, the only other competing movant, and approximately $96.4 million under the class period alleged in the *RSCD* Action, nearly $84 million greater than the losses claimed by NMSIC. Accordingly, no movant seeking appointment as lead plaintiff in the Action has alleged a larger financial interest in the litigation than the NYC Funds.

**2.      The NYC Funds Also Satisfy the Requirements of Rule 23**

In addition to possessing the largest financial interest in the relief sought by the Class, the NYC Funds also satisfy the typicality and adequacy requirements of Rule 23. In making its determination that Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. Instead, a *prima facie* showing that the movant satisfies the typicality and adequacy requirements of Rule 23 is sufficient. *In re Cendant Corp. Litig.*, 264 F.3d 201, 264 (3d Cir. 2001) ("[T]he court's initial inquiry as to whether the movant with the largest losses satisfies the typicality and adequacy requirements need not be extensive.").

The NYC Funds' claims are typical of the claims of the Class. They allege, as do all class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning the Company, or omitted material facts necessary to make the

statements they did make not misleading.  The NYC Funds, like all members of the Class, purchased AT&T securities at prices artificially inflated by Defendants' misrepresentations or omissions, and were damaged upon the disclosure of those misrepresentations.  These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class claims, satisfy the typicality requirement of Rule 23(a)(3).  *See*, *e.g.*, *In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 152 (D. Del. 2005).

In addition, the NYC Funds are sophisticated institutional investors with significant assets under management and as such are paradigmatic Lead Plaintiffs as envisioned by Congress when it enacted the PSLRA.  Accordingly, the NYC Funds' service as Lead Plaintiffs would be consistent with the PSLRA's preference for appointment of institutional investors as class representatives in securities class actions.  *See* H.R. Conf. Rep. No. 104-369, at 34 ("increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions").  Indeed, courts in this Circuit strongly prefer appointment of institutional investors to lead complex securities class actions such as this one.  *See*, *e.g.*, *In re Cendant*, 264 F.3d at 273 ("[T]he purpose of the [PSLRA] was to encourage institutional investors to serve as lead plaintiff, predicting that their involvement would significantly benefit absent classmembers [*sic*]"); *Grodko v. Cent. European Distribution Corp.*, No. 12-5530

(JBS-KMW), 2012 WL 6595931, at *8 (D.N.J. Dec. 17, 2012) (appointing lead plaintiff, citing its status as "an institutional investor, *i.e.*, the type of investor whom Congress encouraged to serve as lead plaintiff by enacting the PSLRA"); *Pelletier v. Endo Int'l PLC*, 316 F. Supp. 3d 846, 847, 853-55 (E.D. Pa. 2018) (concluding "the institutional investor preference outweighs the presumptive lead plaintiff rule" in appointing an institutional investor as lead plaintiff over non-institutional investors with slightly larger losses).

Indeed, the NYC Funds already have extensive experience serving as lead plaintiffs in prior securities class actions. The NYC Funds successfully prosecuted the class actions *In re Juniper Networks, Inc. Securities Litigation*, No. 3:06-cv-4327-MJJ (N.D. Cal.) ($169.5 million settlement), *In re Countrywide Financial Corp. Securities Litigation*, No. 07-cv-5295 (C.D. Cal.) ("*Countrywide*") ($625 million settlement), and *In re Wachovia Equity Securities Litigation*, No. 08-cv-6161 (S.D.N.Y.) ($75 million settlement), among others. In the *Countrywide* litigation, the court expressed its "confidence in their ability to protect the interests of the class" and praised the NYC Funds as "obviously sophisticated." *Countrywide* Dkt. No. 1060 at 65-66. The NYC Funds also secured a $41 million settlement and the implementation of extensive corporate governance reforms on behalf of shareholders of Wynn Resorts, Limited in the derivative litigation *DiNapoli v. Stephen A. Wynn*, No. A-18-770013-B (Nev. Dist. Ct.). Finally, the NYC Funds are

8

currently serving as the court-appointed lead plaintiff in the matter *The New York City Fire Department Pension Fund et al v. Coupang, Inc. et al*, No. 1:22-cv-07309 (S.D.N.Y.).  The NYC Funds' successful track record in similar cases will obviously bring significant benefits to the Class in this Action.

The NYC Funds have also demonstrated their adequacy by negotiating with counsel a retainer in this case that provides for an attorney's fee significantly lower than the one-third amount regularly endorsed in this Circuit.  *See*, *e.g.*, *In re Cendant*, 264 F.3d at 265 (stating that "one of the best ways for a court to ensure that [a lead plaintiff] will fairly and adequately represent the interests of the class is to inquire whether the movant has demonstrated a willingness and ability to select competent class counsel and to negotiate a reasonable retainer agreement"); *Rubenstahl v. Philip Morris Int'l, Inc.*, No. 17-13504 (ES) (MAH), 2019 WL 585429, at *3 (D.N.J. Feb. 13, 2019) (finding movant to be adequate where it "demonstrated a willingness and ability to select competent class counsel, and to negotiate a reasonable retainer agreement with that counsel."); *see also In re Petrobras Secs. Litig.*, 104 F. Supp. 3d 618, 624 (S.D.N.Y. 2015) (holding movant to be adequate, finding that it "vetted its chosen counsel extensively and negotiated for a more favorable fee agreement"). The NYC Funds respectfully offer to submit the retainer for the Court's in camera review.

To overcome the strong presumption entitling the NYC Funds to appointment as Lead Plaintiff, the PSLRA requires "***proof***" that the presumptive Lead Plaintiff is inadequate or atypical. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (emphasis added). No such proof exists in this case and any arguments to the contrary should be flatly rejected.

Because the NYC Funds have the largest financial interest of any eligible Lead Plaintiff applicant in the relief sought by the Class and otherwise satisfy the requirements of Rule 23, they are the presumptive "most adequate plaintiffs" of the Class within the meaning of the PSLRA.

## B.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Molson Coors Brewing Co.*, 233 F.R.D. at 150 (the Lead Plaintiff "is primarily responsible for selecting lead counsel.").

Here, the NYC Funds have selected Pomerantz as Lead Counsel for the Class. As the firm's resume reflects, Pomerantz is highly experienced in the area of securities litigation and class actions, and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors. *See*

10

*generally* Dkt. No. 14-7.  As lead counsel in *In re Petrobras Securities Litigation*, No. 14-cv-09662 (S.D.N.Y.), Pomerantz recently secured a recovery of $3 billion on behalf of Petrobras investors, the largest settlement ever in a class action involving a foreign issuer and the fifth largest class action settlement ever achieved in the United States.  Moreover, in the Third Circuit, Pomerantz currently serves as co-lead counsel in the action *Roofers' Pension Fund v. Papa*, No. 2:16-cv-02805 (D.N.J.), a securities class action on behalf of investors in the securities of Perrigo Company plc.

## <u>CONCLUSION</u>

For the foregoing reasons, the NYC Funds respectfully request that the Court issue an Order: (1) appointing the NYC Funds as Lead Plaintiff for the Class; and (2) approving proposed Lead Plaintiff's selection of Pomerantz as Lead Counsel for the Class.

Dated:  October 23, 2023

Respectfully submitted,

POMERANTZ LLP

*/s/ Thomas H. Przybylowski*
Thomas H. Przybylowski
Jeremy A. Lieberman
(*pro hac vice* application forthcoming)
J. Alexander Hood II
(*pro hac vice* application forthcoming)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044

11

tprzybylowski@pomlaw.com
jalieberman@pomlaw.com
ahood@pomlaw.com

*Counsel for the New York City Public
Pension Funds and Proposed Lead
Counsel for the Class*

12