# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOHN BRAZINSKY, Individually and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AT&T INC., RANDALL L. STEPHENSON, JOHN T. STANKEY, PASCAL DESROCHES, and JOHN STEPHENS,<br><br>Defendants. | Case No. 2:23-cv-04064-KM-JBC |

**DECLARATION OF GAUTAM S. GUJRAL**

I, Gautam S. Gujral, J.D. declare as follows:

1.    I am an expert in securities trading platforms.

2.    I received a Juris Doctorate from Georgetown University Law Center in 1992. Throughout my career I have held roles that involve the function and regulation of financial markets, including: (1) working for the SEC as Special Counsel where I engaged in rule making for securities markets and equity trading including securities exchanges; (2) working for Credit Suisse as a Managing Director in the Prime Services department, where my role involved managing processes and risks related to transactions over various trading platforms; and (3)

1

co-founding two successful businesses both of which related to securities market transactions, including developing technological solutions for interfacing with trading platforms.  I have multiple Financial Industry Regulatory Authority ("FINRA") licenses and regularly write and speak on issues concerning trading platforms and financial markets.

3.     I am being compensated for my time working in this matter at a fixed hourly rate that is in not dependent on the result of the action or any motion therein.

4.     I have been asked to opine on whether AT&T, Inc. ("AT&T") bonds traded on the New York Stock Exchange.  It is my expert opinion that they did not. The following subparagraphs state my reasoning in reaching this conclusion:

a.     The complaint in this action correctly states that: "AT&T common stock trades on the New York Stock Exchange ('NYSE') under the ticker symbol 'T.'"  *See* ECF No. 1 ¶8.

b.     The New York Stock Exchange, the exchange where AT&T common stock trades, is one of five registered U.S. equity exchanges operated by Intercontinental Exchange, Inc. ("ICE") or its subsidiaries.  While several of these exchanges and other trading platforms are marketed and branded with names that include the term NYSE, such as the "NYSE American" and "NYSE National," the New York Stock Exchange refers to a specific registered equity exchange.

c.    A review of publicly available data shows that the only securities issued by AT&T Inc. ("AT&T") that trade in the New York Stock Exchange are AT&T common stock (CUSIP 00206R102) and AT&T preferred stock (CUSIPS 00206R706, 00206R508, 00206R300, 00206R409).  As an equity exchange, corporate bonds, including those issued by AT&T, do not trade on the New York Stock Exchange.

d.    The vast majority of bond trading takes place through negotiated transactions and broker networks, not trading platforms.  There are various alternative trading platforms that facilitate the trading of bonds.  The New York Stock Exchange is legally and practically distinct from any such bond trading platform.

e.    For example, in addition to operating the New York Stock Exchange, four other regulated U.S. equity exchanges, and numerous other products and trading platforms, ICE operates a bond trading platform.  This platform is not an "exchange" or a "stock exchange," and is certainly not the New York Stock Exchange.

f.    While it is a simple empirical fact that the New York Stock Exchange is distinct from ICE's bond trading platform, this fact is further demonstrated by the many ways in which conflating the two would be nonsensical. Stocks have two primary types, common stock and preferred stock, and are limited

3

to just a few characteristics.  Bonds, on the other hand, each have different qualities, maturities, and yields.  Therefore, bonds are so diverse they are difficult to trade on exchanges.  Another reason why bonds are traded over the counter (or through specialized non-exchange platforms) is the difficulty in listing current prices on an exchange because, on any particular day, trading volume for bonds is often low, as trading most often occurs to reflect changing interest rates and credit ratings.  In contrast, stock prices are regularly affected by news events, the P/E ratio of a company and, ultimately, the supply and demand of shares, which are reflected in the daily stock prices.

g.      ICE would face enormous legal issues if it conflated the New York Stock Exchange, which is a regulated equity exchange, with its bond trading platform, which is subject to a different legal and regulatory regime than the New York Stock Exchange.  Additionally, ICE's bond trading platform lacks many of the defining and iconic features of the New York Stock Exchange, such as the assignment of a single dedicated specialist making markets in each security.

h.      It is possible that certain AT&T bonds traded on bond trading platforms, including the platform owned by ICE.  Even if a bond can be traded on a given platform, that is no indication that it ever has traded on that platform or that it trades on that platform with any regularity.  Even if a given bond traded on ICE's bond trading platform, this would not mean it traded on the New York Stock

Exchange, which is a separate and distinct regulated equity exchange.

        i.    In my experience, financial market professionals would not, even in casual conversation, refer to trades made over ICE's bond trading platform as a trade made on the New York Stock Exchange.

I declare under penalty of perjury that, to my knowledge, the foregoing is true and correct.

Executed on October 22, 2023 in Princeton, New Jersey.

/s/ Gautam Gujral
Gautam Gujral

5