POMERANTZ LLP
Thomas H. Przybylowski
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
tprzybylowski@pomlaw.com

*Counsel for the New York City Public
Pension Funds and Proposed Lead
Counsel for the Class*

[Additional counsel on signature page.]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN BRAZINSKY, Individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>        v.<br><br>AT&T INC., RANDALL L. STEPHENSON, JOHN T. STANKEY, PASCAL DESROCHES, and JOHN STEPHENS,<br><br>        Defendants. | Case No. 2:23-cv-04064-KM-JBC<br><br>REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION OF THE NEW YORK CITY PUBLIC PENSION FUNDS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL<br><br>Motion Date: November 6, 2023 |

1

Lead Plaintiff Movants the NYC Funds[1] respectfully submit this Reply Memorandum of Law in further support of their motion for appointment as Lead Plaintiff and approval of their selection of Pomerantz as Lead Counsel (Dkt. No. 14).

**PRELIMINARY STATEMENT**

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class" and who satisfies the adequacy and typicality requirements of Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii). This presumption can only be rebutted by proof that the movant with the largest financial interest is atypical or inadequate. *Id.* § 78u-4(a)(3)(B)(iii)(II).

Here, as discussed at length in the NYC Funds' opposition brief (*see generally* Dkt. No. 29), the NYC Funds are the only movants who satisfy the PSLRA's "most adequate plaintiff" criteria. First, having incurred a loss of $96,397,516 in connection with their Class Period purchases of AT&T securities as a result of the Defendants' alleged fraud, the NYC Funds possess the greatest financial interest in this litigation by an overwhelming margin.[2] The only competing movant, NMSIC,

---

[1] Unless otherwise defined herein, all capitalized terms shall have the same meanings as set forth in the NYC Funds' moving or opposition briefs. *See* Dkt. Nos. 14-2, 29.

[2] As previously noted, the NYC Funds' initial motion papers used the longer Class Period alleged in the *RSCD* Action in calculating their financial interest in this litigation. *See* Dkt. No. 14-2 at 1 n.2. Following the voluntary dismissal of the *RSCD* Action, the Funds' opposition brief provided loss figures for both this Action's Class Period and the longer *RSCD* Action Class Period. *See generally* Dkt. No. 29. No movant having challenged the use of the *RSCD* Class Period for the purposes of assessing financial interest, for the sake of simplicity, the Funds'

has alleged a loss of only $12,420,208, a mere fraction of the NYC Funds' total loss. NMSIC has not disputed that the NYC Funds have alleged the largest financial interest in this litigation. Second, as discussed in greater detail in their opposition brief, the NYC Funds have made the requisite *prima facie* showings of adequacy and typicality under Rule 23. Having satisfied both the "largest financial interest" and Rule 23 criteria, the NYC Funds are presumptively the "most adequate plaintiffs"—*i.e.*, the presumptive Lead Plaintiffs—of the Class pursuant to the PSLRA.

Of the six movants who initially filed competing motions, only one, NMSIC, opposes the NYC Funds' appointment as Lead Plaintiffs, arguing that the NYC Funds are atypical under Rule 23 as well as subject to disqualifying unique defenses. NMSIC claims that the NYC Funds are net sellers of AT&T stock—*i.e.*, they "sold more shares than they purchased at inflated prices than they bought at inflated prices"—and thus net gainers with respect to their Class Period investments. Dkt. No. 30 at 1. NMSIC further argues that the NYC Funds may not "remedy" this purported unique defense by citing the $54,258,365 in losses that they incurred on their Class Period bond investments, arguing in effect that the NYC Funds' AT&T bonds are excluded from the Class definition. Dkt. No. 30 at 9.

All of NMSIC's opposition arguments are readily debunked for one simple reason: the NYC Funds were ***not*** net sellers of AT&T common stock during the Class Period. The NYC Funds' motion papers clearly show that the Funds purchased

---

instant reply brief returns to the originally proffered loss figures under the *RSCD* Action Class Period.

11,642,779 shares of AT&T stock and sold 11,014,186 during the Class Period, making them net *purchasers* by a margin of 628,593 shares. NMSIC's assertion that the Funds were net sellers who sold 13,476,775 shares during the Class Period incorrectly includes 2,462,589 shares sold *after* the Class Period. Correcting NMSIC's egregious error removes the entire factual premise upon which its meritless opposition relies.

The foregoing suffices to end the analysis, and the Funds are thus subject to no unique defenses that they must "remedy." Nevertheless, the Funds respectfully urge the Court to reject NMSIC's self-serving *post hoc* effort to narrow the Class definition. The Complaint and literally every other relevant pleading in this litigation to date, as well as the notice of pendency of this Action, refers to a Class including purchasers of *all* AT&T securities. This expansive definition quite obviously includes bonds, and the Funds respectfully submit that the Court's Lead Plaintiff analysis must thus take the Funds' bond investments into account. Nevertheless, due to the fact that the NYC Funds are clearly not net sellers, this argument is largely academic and is unnecessary for purposes of granting the NYC Funds' Lead Plaintiff Motion.

For the foregoing reasons, the NYC Funds respectfully request that the Court grant their motion in its entirety and deny NMSIC's competing motion.

## ARGUMENT

### I.    The NYC Funds Are Categorically Not Net Sellers of AT&T Common Stock

The foundation of NMSIC's opposition to the NYC Funds' appointment is its assertion that the NYC Funds were net sellers of AT&T stock during the Class Period and, for that reason, are purportedly subject to a disqualifying unique defense. *See* Dkt. No. 30 at 1-2, 6-9. That foundation crumbles upon a simple review of the factual record before this Court. The NYC Funds were in fact ***not*** net sellers of AT&T stock during the Class Period, because they did ***not*** sell more shares than they purchased. As the NYC Funds' Damages Analysis and Certifications reflect, the NYC Funds purchased a total of 11,642,779 shares of AT&T stock during the Class Period. *See* Dkt. No. 14-4 at *2; Dkt. No. 14-6 at *4-*12, *15-*23, *26-*37, *40-*48, *51-*54. NMSIC's analysis correctly cites this figure for shares purchased. *See* Dkt. No. 30 at 6 (acknowledging that the Funds purchased 11,642,779 shares during the Class Period). However, NMSIC ***wrongly*** claims that the NYC Funds sold 13,476,775 shares of AT&T stock during the Class Period and concludes that the NYC Funds were thus net sellers by a margin of 1,833,996 shares (13,476,775 minus 11,642,779). *Id.* NMSIC's math is fundamentally flawed. The 13,476,775 figure that NMSIC cites is a flagrant misreading of the NYC Funds' damages analysis, which states this figure as the total number of shares that the NYC Funds sold during ***and after*** the Class Period. Both the damages analysis and Certifications submitted by the NYC Funds make it abundantly clear that the Funds sold only 11,014,186 shares of AT&T stock ***during*** the Class Period, making them net

*purchasers* by a margin of 628,593 shares (11,642,779 minus 11,014,186). Based on the NYC Funds' filed Certifications, the Chart below summarizes the New York City Funds' aggregate purchases and sales during the Class Period, and the attached Exhibit A details and calculates Movants' net common stock transactions during the Class Period.

|  | Shares |
|---|---|
| Class Period Purchases | 11,642,779 |
| Class Period Sales | 11,014,186 |
| **Net Purchases** | **628,593** |

After the Class Period, the NYC Funds then sold an additional 2,462,589 shares during the 62 days which elapsed between the end of the Class Period on July 26, 2023 and the filing of the NYC Funds' motion on September 26, 2023. These post-Class Period sales are included in the Funds' damages analysis because, pursuant to the PSLRA, any sales of the securities at issue within the 90-day "look-back" period following the end of the Class Period are relevant to assessing a movant's damages under Section 10(b). *See* 15 U.S.C. § 78u-4(e)(1) ("Limitation on damages"). In arguing that the NYC Funds sold 13,476,775 shares during the Class Period, NMSIC has erroneously counted 2,462,589 shares sold *after* the Class Period toward the Funds' Class Period sales. Correcting this blatant error in NMSIC's analysis obliterates the entire premise of its argument against the Funds' appointment. The NYC Funds were *not* net sellers of AT&T stock during the Class Period.

NMSIC's error is stunning. NMSIC purported to derive its "net seller" calculation from a chart contained in the NYC Funds' damages analysis attached as

an exhibit to its Motion papers, and apparently not from its own independent calculation. *See* Dkt. No. 30 at 6 ("The following image, taken from the NYC Funds' Motion papers (ECF No. 14-4 at 2), provides the data for the prior chart:"). Yet on the very same page of that damages analysis, ***directly above*** the data that NMSIC cited to support its assertion that the NYC Funds sold 13,476,775 shares of AT&T stock during the Class Period, there is a notation that the chart "Includes 90-Day Sales @ Statutory Pricing"—that is, that the 13,476,775 figure also included sales of stock during the 90-day period ***after*** the Class Period.

**AT&T Inc. (T)**
**Class Period: November 2, 2018 to July 26, 2023**
**(Includes 90-Day Sales @ Statutory Pricing)**

| | | Purchase or Acquire | | | | | Sales | |
| Plaintiff | Security Type | Date | Shares/PAR | Price | Amount | Date | Shares/PAR |
|---|---|---|---|---|---|---|---|
| Summary | | | | | | | |
| New York City Funds | Common Stock | | 11,642,779 | | ($258,308,039) | | (13,476,775) |
| New York City Funds | Fixed Income | | 820,000,550 | | ($805,599,721) | | (640,668,550) |
| **New York City Funds** | **Common Stock & Fixed Income** | | | | **($1,063,907,760)** | | |

Even if NMSIC's counsel somehow overlooked that conspicuous notation, both the Damages Analysis (Dkt. No. 14-4) and the Certifications submitted by the NYC Funds (Dkt. No. 14-6 at *4-*12, *15-*23, *26-*37, *40-*48, *51-*54) clearly state the dates on which ***all*** of the NYC Funds' sales of AT&T shares occurred. Upon an independent review of the Funds' submissions, then, it should have been apparent to NMSIC's counsel which of the Funds' sales of AT&T shares occurred ***during*** the Class Period and which sales occurred ***after***. Moreover, the fact that NMSIC retained at least ***two*** different experts in crafting their opposition yet still failed to

7

accurately count the number of shares that the Funds sold during the Class Period is unfathomable.

As the Funds' papers make clear, ***the factual premise upon which all of NMSIC's opposition arguments rest is unequivocally wrong***.  The NYC Funds clearly were ***not*** net sellers of AT&T stock during the Class Period.  This fact alone makes NMSIC's opposition wholly without merit and ends the analysis.  Indeed, such a dramatic error by NMSIC in contesting the NYC Funds' Motion itself calls into question its adequacy to represent the Class.  *See*, *e.g.*, *In re Boeing Co. Aircraft Sec. Litig.*, No. 19-cv-02394, 2020 U.S. Dist. LEXIS 15012, at *16-*17 (N.D. Ill. Jan. 28, 2020) (denying motion by movants where errors in loss calculations demonstrated that movants either knowingly submitted incorrect information or failed to review their submissions before filing); *Tomaszewski v. Trevena, Inc.*, 383 F. Supp. 3d 409, 414 (E.D. Pa. 2019) (denying motion when errors in movant's submissions demonstrated a "substantial degree of carelessness and raise[d] doubt as to whether he will fairly and adequately represent the best interests of the class"); *Rodriguez v. DraftKings Inc.*, No. 21 CIV. 5739 (PAE), 2021 WL 5282006, at *6, *9 (S.D.N.Y. Nov. 12, 2021) (finding "[t]he slovenliness of [movant]'s submissions is undoubtedly relevant and concerning, and plays an important role in the Court's assessment of his adequacy as a putative class representative" and disqualifying said movant because, "[h]ad [movant] been serious about his responsibilities as a budding class representative, he should not have had to have been alerted to these basic errors in the first place"); *Camp v. Qualcomm Inc.*, No. 18-CV-1208-AJB-BLM, 2019 WL 277360, at *3-4 (S.D. Cal. Jan. 22, 2019) (significant errors in transactions records

and loss calculations prohibit a movant from satisfying the adequacy and typicality requirements of Rule 23).

## II.    The NYC Funds' Bond Transactions Are Correctly Included in their Analysis

After advancing its meritless argument that the NYC Funds are subject to unique defenses by virtue of their purported status as net sellers, NMSIC asserts that this unique defense cannot be cured by considering the Funds' bond trading.  *See* Dkt. No. 30 at 9.  NMSIC asserts that "[b]ond trading cannot remove the fact that, as to the NYC [F]unds' stock trading, Defendants will argue that the NYC Funds benefited from the fraud.  And bond losses cannot release related litigation issues".  *Id.*  But as discussed in detail *supra* at Section I, the entire premise of NMSIC's argument is incorrect, and as such, there is no disqualifying unique defense that the NYC Funds are required to "remedy."  Dkt. No. 30 at 9.  Nevertheless, while entirely not dispositive of this motion, the NYC Funds respectfully submit that there is no merit whatsoever to NMSIC's argument that the Court should disregard the NYC Funds' bond trading.

The AT&T bonds that the NYC Funds purchased are absolutely included in the Class definition for this Complaint, which is *expressly* on behalf of a putative class consisting of "persons or entities who purchased or otherwise acquired publicly traded AT&T *securities*" during the Class Period.  Dkt. No. 1 ¶ 1 (emphasis added).  The notice of pendency of this action likewise announces the filing of "a class action lawsuit on behalf of purchasers of the *securities* of AT&T".  *See, e.g.,* Dkt. No. 11-6 at *2 (emphasis added).  Every Lead Plaintiff movant in this Action—including

9

NMSIC—expressly sought appointment as Lead Plaintiff on behalf of a Class consisting of investors in AT&T *securities*.  *See* Dkt. No. 11-1 at 1-2 (NMSIC seeking appointment as Lead Plaintiff on behalf of "all persons who purchased or otherwise acquired AT&T *securities*" during the Class Period) (emphasis added). *See also* Dkt. Nos. 6 at 1, 9-1 at 1, 10-1 at 1 n.1, 12-1 at 1, 13-1 at 1-2 (all other Lead Plaintiff movants seeking appointment on behalf of Class Period purchasers or acquirers of AT&T *securities*).  Nor are the NYC Funds the only movants claiming losses in connection with AT&T securities other than common stock.  One other movant, Joshi, attests in his Certification to have purchased option contracts as well as stock, and asserted losses for those contracts in assessing his financial interest in this litigation.  *See* Dkt. No. 12-4 at *6.  In sum, there is no basis whatsoever for the Court to exclude the NYC Funds' bond purchases from its Lead Plaintiff analysis.

## CONCLUSION

NMSIC's opposition to the NYC Funds' Motion was premised on the assumption that the NYC Funds are net sellers.  That premise is demonstrably false. As such, NYC Funds respectfully request that the Court grant its motion in full and deny NMSIC's competing motion.

Dated:  October 30, 2023

Respectfully submitted,
POMERANTZ LLP

*/s/ Thomas H. Przybylowski*
Thomas H. Przybylowski
Jeremy A. Lieberman
(*pro hac vice* application
forthcoming)

10

J. Alexander Hood II
(*pro hac vice* application forthcoming)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
tprzybylowski@pomlaw.com
jalieberman@pomlaw.com
ahood@pomlaw.com

*Counsel for the New York City Public Pension Funds and Proposed Lead Counsel for the Class*