

**Thomas H. Przybylowski**
Associate

November 8, 2023

**VIA ECF**

Honorable Kevin McNulty
United States District Judge
District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

     RE:  *Brazinsky v. AT&T Inc.*, 2:23-cv-04064-KM-JBC (D.N.J.)

Dear Judge McNulty:

     We represent proposed Lead Plaintiff New York City Public Pension Funds (the "NYC Funds" or the "Funds")[1] in the above-captioned matter and write in response to New Mexico State Investment Council's ("NMSIC") November 2, 2023 request for leave to file its sur-reply brief attached thereto. NMSIC's request should be denied.

     NMSIC argues that its sur-reply is necessary to address "novel issues" that the NYC Funds interjected "[f]or the first time" in their reply in support of their motion for Lead Plaintiff appointment. This is not so. Each point that the NYC Funds raised in their reply was in response to (often incorrect) arguments raised by NMSIC in its opposition brief, each of which NMSIC could have included in its opposition.

     The NYC Funds' status as "net purchasers" was not raised for the first time in the NYC Funds' reply brief. Rather, it was evident from the NYC Funds opening brief and accompanying exhibits and the premise for them seeking Lead Plaintiff appointment. The NYC Funds specifically addressed the issue of net purchasers in their reply only because NMSIC falsely represented to the

---

[1] For the purposes of the instant motion, the "NYC Funds" are the Teachers' Retirement System of the City of New York, the New York City Employees' Retirement System, the New York City Police Pension Fund, the New York City Fire Department Pension Fund, and the Board of Education Retirement System of the City of New York. *See* Dkt. No. 14-2 at 1 n.1.

**tprzybylowski@pomlaw.com**

600 Third Avenue, New York, NY 10016    Main: 212.661.1100    Direct: 646.581.9941
NEW YORK    CHICAGO    LOS ANGELES    LONDON    PARIS    TEL AVIV
www.pomlaw.com

# POMERANTZLLP

November 8, 2023

Page 2

Court in its opposition that the NYC Funds were "net sellers" and therefor inadequate Lead Plaintiffs. If NMSIC had correctly analyzed the NYC Funds' trading data it could have made its sur-reply arguments in its opposition. NMSIC's egregious errors in its opposition brief does not create good cause for it to advance new (and similarly false) attacks in a sur-reply.[2]

The NYC Funds likewise did not argue for the first time in their reply that bond investors should be included in the Class or that the Class definition included all securities, not just common stock. Again, the NYC Funds' bond transactions were included in the opening papers and the calculation of their market loss. *See* Dkt. No. 14-2 at *7, *13-*14; Dkt. No. 14-4.  And the Class definition was included, which unambiguously states that the Class includes purchasers of "securities." *See* Dkt. No. 14-2 at *6; *see also* Dkt. No. 1 at ¶¶ 1, 54.

Finally, the NYC Funds' argument in their reply that NMSIC would be an inadequate Lead Plaintiff because of the errors and misrepresentations made in NMSIC's opposition brief was, self-evidently, only raised in response to the false accusation made by NMSIC in its opposition. The NYC Funds could not have raised these arguments earlier and NMSIC should have properly analyzed the NYC Funds' transactions in its opposition.

In short, the issues raised in the NYC Funds' reply were in direct response to the false assertions made in NMSIC's opposition. NMSIC should not be permitted to file a sur-reply to advance arguments that it could have asserted in its opposition if more care had been taken at the outset.

However, in the event that the Court considers NMSIC's sur-reply, the NYC Funds respectfully request leave to file the response brief attached hereto as Exhibit A.

Very truly yours,

*/s/Thomas H. Przybylowski*
Thomas H. Przybylowski

---

[2] NMSIC's assertion that it is somehow the NYC Funds' fault that NMSIC made critical miscalculations is absurd. The NYC Funds provided a detailed and accurate list of all transactions. After hiring two experts, one would expect that they actually checked the dates of the transactions in the certifications and in their damages chart.

**600 Third Avenue, New York, New York 10016   tel: 212.661.1100   www.pomerantzlaw.com**

**NEW YORK      CHICAGO      LOS ANGELES      PARIS      TEL AVIV**