UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JOHN BRAZINSKY, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AT&T INC., RANDALL L. STEPHENSON, JOHN T. STANKEY, PASCAL DESROCHES, AND JOHN STEPHENS,<br><br>Defendants. | ECF CASE<br><br>Civil Case No.: 2:23-cv-04064-KM-JBC<br><br>MOTION DAY:  December 18, 2023 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO TRANSFER TO THE UNITED STATES DISTRICT COURT
<u>FOR THE NORTHERN DISTRICT OF TEXAS</u>**

**BAKER BOTTS L.L.P.**

Jessica Bateman Pulliam (*pro hac vice*)
John B. Lawrence (*pro hac vice*)
Kirstie Wallace (*pro hac vice*)
2001 Ross Avenue, Suite 900
Dallas, Texas 75201-2980
(214) 953-6500

Richard B. Harper
James J. Beha II (*pro hac vice*)
30 Rockefeller Plaza
New York, New York 10112-4498
(212) 408-2500

*Counsel for Defendants*

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ................................................................................................................ 1

BACKGROUND ................................................................................................................. 3

    I.   The Parties ............................................................................................................. 3

    II.  This Action ............................................................................................................ 4

ARGUMENT ....................................................................................................................... 5

    I.   This Action Could Have Been Brought in the Northern District of Texas. ...................... 6

    II.  Interests of Justice and Convenience Favor Transfer. ........................................................ 6

          A.     Private Interests Favor Transfer. ................................................................. 7

               1.  Plaintiff's Choice of Forum is Entitled to Little, If Any, Weight. ................... 7

               2.  The Claims Arose in Texas. ..................................................................... 9

               3.  Texas is More Convenient for the Parties and Witnesses. ............................ 10

               4.  The Relevant Evidence is in Texas. ........................................................... 11

          B.     The Public Factors Favor Transfer to the Northern District of Texas. ................. 11

CONCLUSION .................................................................................................................. 12

**TABLE OF AUTHORITIES**

**Page(s)**

CASES

*Days Inns Worldwide, Inc. v. Ram Lodging, LLC*,
  No. 09-2275-SDW, 2010 WL 1540926 (D.N.J. Apr. 14, 2010)................................................9

*Firmani v. Clarke*,
  325 F. Supp. 689 (D. Del. 1971)..........................................................................................10

*Franklin U.S. Rising Dividends Fund v. Am. Int'l Grp., Inc.*,
  No. 2:13-05805, 2014 WL 1555133 (D.N.J. Apr. 14, 2014).......................................................7

*Frato v. Swing Staging, Inc.*,
  No. 10-5198-ES, 2011 WL 3625064 (D.N.J. Aug. 17, 2011) .................................................5, 8

*Gallagher v. Ocular Therapeutix, Inc.*,
  No. 17-5011-SDW-LDW, 2017 WL 4882487 (D.N.J. Oct. 27, 2017).........................2, 7, 8, 9

*In re 3M Co.*,
  No. 20-2864, 2020 U.S. App. LEXIS 36961 (3d Cir. Nov. 18, 2020) ...........................2, 9, 10

*In re USA Techs., Inc. Sec. Litig.*,
  No. 18-13759, 2019 WL 4785780 (D.N.J. Sept. 30, 2019)......................................10, 11, 12

*Jacobowitz v. Range Res. Corp.*,
  No. 2:21-cv-00301-RJC, 2021 WL 2457545 (W.D. Pa. June 16, 2021)..............................2, 6

*Job Haines Home for the Aged v. Young*,
  936 F. Supp. 223 (D.N.J. 1996) .............................................................................................7

*Jumara v. State Farm Ins. Co.*,
  55 F.3d 873 (3d Cir. 1995)...........................................................................................6, 7, 11

*Karimi v. Deutsche Bank Aktiengesellschaft*,
  No. 20-8978-ES-JRA, 2022 WL 1001566 (D.N.J. Mar. 31, 2022).........................................8

*Kerik v. Tacopina*,
  No. 14-488-FSH, 2014 WL 1340038 (D.N.J. Apr. 3, 2014) ....................................................9

*LG Elecs., Inc. v. First Int'l Computer, Inc.*,
  138 F. Supp. 2d 574 (D.N.J. 2001) ........................................................................................12

*Metro. Life Ins. Co. v. Bank One, N.A.*,
  No. 03-1882-SDW, 2012 WL 4464026 (D.N.J. Sept. 25, 2012)..............................................8

*Santi v. Nat'l Business Records Mgmt., LLC*,
    722 F. Supp. 2d 602 (D.N.J. 2010) .........................................................................................8

*Santomenno v. Transamerica Life Ins. Co.*,
    No. 11-736-ES, 2012 WL 1113615 (D.N.J. Mar. 30, 2012) .......................................................7

*Tang v. Eastman Kodak Co.*,
    No. 3:20-cv-10462-FLW-ZNQ, 2021 WL 2155057 (D.N.J. May 27, 2021)
    ........................................................................................................2, 6, 7, 8, 9, 10, 11, 12

*Travelodge Hotels, Inc. v. Perry Developers, Inc.*,
    No. 11-1464-DMC-JAD, 2011 WL 5869602 (D.N.J. Nov. 22, 2011) .......................................9

*Yang v. Odom*,
    409 F. Supp. 2d 599 (D.N.J. 2006) .....................................................................................8, 10

**STATUTES**

15 U.S.C. § 78aa ...............................................................................................................6

28 U.S.C. § 1391(b) ..........................................................................................................6

28 U.S.C. § 1404(a) ...........................................................................................................5

**INTRODUCTION**

Defendants AT&T Inc., Randall L. Stephenson, John T. Stankey, Pascal Desroches, and John Stephens respectfully request that the Court transfer this action under 28 U.S.C. § 1404(a) to the United States District Court for the Northern District of Texas, where AT&T is headquartered and where the individual Defendants reside.

This is one of multiple suits filed after a series of articles in the Wall Street Journal alleging public health concerns arising from the telecom industry's historical use of lead-clad cables dating back to the 1800s. The price of AT&T's stock fell following the Wall Street Journal's reporting, and stock-drop suits under the federal securities laws followed.

John Brazinsky, who lives in Colorado, brought this putative securities class action in New Jersey on behalf of a nationwide class of purchasers of AT&T securities against AT&T (which is headquartered in Dallas) and four current and former AT&T executives (all of whom live in the Dallas area). Another plaintiff filed suit against AT&T in the Southern District of New York before voluntarily dismissing the case without prejudice. In this case, seven different sets of parties—located in Illinois, Denmark, Florida, Kentucky, Michigan, New Mexico, and New York—sought appointment to serve as lead plaintiff to represent the putative class.

The claims arose in the Northern District of Texas: The Complaint challenges certain statements in AT&T's filings with the Securities and Exchange Commission and on AT&T's website about the Company's environmental and safety policies and practices. Those statements were approved in, and disseminated from, AT&T's corporate headquarters in Dallas. The relevant evidence and witnesses are in Dallas, too. All of these undisputed facts favor transfer to the Northern District of Texas.

The only fact favoring litigation in New Jersey is that Brazinsky—who lives in Colorado—chose to file his complaint in this District.  But in a putative class action on behalf of a nationwide class, courts afford a plaintiff's choice of forum little, if any, weight, particularly where, as here, the plaintiff does not live in the jurisdiction and the operative facts bear little connection to the jurisdiction.

Courts in the Third Circuit (and elsewhere) routinely transfer securities class actions to the defendant corporation's home jurisdiction.  *Jacobowitz v. Range Res. Corp.*, No. 2:21-cv-00301-RJC, 2021 WL 2457545, at *5 (W.D. Pa. June 16, 2021) ("[S]ecurities suits are routinely transferred to defendants' corporate headquarters.").  Indeed, the Third Circuit found it an abuse of discretion when a district court denied a transfer motion under similar circumstances, taking the extraordinary step of issuing a writ of mandamus directing the court to transfer a securities class action to the district where the defendant corporation was located.  *See In re 3M Co.*, No. 20-2864, 2020 U.S. App. LEXIS 36961 (3d Cir. Nov. 18, 2020) (non-precedential).

In the interests of justice and the convenience of the parties and witnesses, the Court should transfer this action to the United States District Court for the Northern District of Texas, and may exercise its discretion to decide this motion before ruling on the pending motions for appointment as lead plaintiff, to afford the District Judge who will ultimately preside over this action the opportunity to decide the lead plaintiff motions.[1]

---

[1]     *Tang v. Eastman Kodak Co.*, No. 3:20-cv-10462-FLW-ZNQ, 2021 WL 2155057, at *10 (D.N.J. May 27, 2021) ("For the foregoing reasons, I transfer this matter to the Western District of New York, and decline to decide the three lead plaintiff motions, which the transferee court may consider in the normal course."); *Gallagher v. Ocular Therapeutix, Inc.*, No. 17-5011-SDW-LDW, 2017 WL 4882487, at *2 (D.N.J. Oct. 27, 2017) (exercising discretion to decide the transfer motion first and stating "the Court views the selection of a lead plaintiff as a decision that is more appropriately made by the court that ultimately will preside over the litigation").

## BACKGROUND

This is a putative securities fraud class action asserting claims against AT&T, John T. Stankey, Pascal Desroches, Randall L. Stephenson, and John Stephens, on behalf of purchasers of AT&T securities between March 1, 2020 and July 26, 2023.  (Compl. ¶ 1.)

### I.    The Parties

AT&T—formerly known as SBC Corp.—is a leading provider of telecommunications and technology services.  (Fujimaki Decl. ¶ 4.)  It is a Delaware corporation with its principal executive offices in Dallas, Texas.  (*Id.*)

Mr. Stankey has served as AT&T's President and Chief Executive Officer since July 2020. (*Id.* ¶ 6.)  He lives and works in Dallas.  (*Id.*)  Mr. Desroches has served as AT&T's Senior Executive Vice President and Chief Financial Officer since April 2021.  (*Id.* ¶ 7.)  He also lives and works in Dallas.  (*Id.*)  Mr. Stephenson served as AT&T's Chairman and Chief Executive Officer from June 2007 until his retirement effective July 2020 and as AT&T's Executive Chairman from July 1, 2020 to January 21, 2021.  (*Id.* ¶ 9.)  Throughout the alleged class period, Mr. Stephenson lived and worked in Dallas, where he continues to reside.  (*Id.*)  Mr. Stephens served as AT&T's Senior Executive Vice President and Chief Financial Officer from June 2011 until his retirement effective April 2021.  (*Id.* ¶ 8.)  Mr. Stephens lived and worked in Dallas throughout the alleged class period, where he also continues to reside.  (*Id.*)  Other employees who work in AT&T's Corporate Social Responsibility group—identified in the Complaint as the "Owner" of certain challenged statements on the Company's website—also work primarily in Dallas, Texas.  (*Id.* ¶ 12.)

Plaintiff Brazinsky lives in Gunnison County, Colorado.  (*See* ECF No. 1-2.)  He purports to sue on behalf of all purchasers of AT&T stock over a three-and-a-half year period from March 1, 2020 to July 26, 2023.  (Compl. ¶ 1.)  According to his certification, he purchased 500 shares of

AT&T stock between June 2021 and July 2023 for a total of $11,317.  (ECF No. 1-1.)

Seven different parties—residents of states across the country and Denmark—sought appointment as lead plaintiff.  The parties include:  the General Retirement System of the City of Detroit (resident of Michigan), Haresh Joshi (resident of Florida), Suresh Kodali (resident of Kentucky), the New Mexico State Investment Council (resident of New Mexico), the New York City Public Pension Funds (resident of New York), Bridget N. Smagala Revocable Trust (resident of Illinois), and Velliv, Pension & Livsforsikring A/S (resident of Denmark).  All but three of the applicants have since filed notices of non-opposition to the competing motions, leaving only the New York City Public Pension Funds, the New Mexico State Investment Council, and Velliv, Pension & Livsforsikring as contenders for appointment as lead plaintiff.

## II.    This Action

This case arises from a series of reports in the Wall Street Journal in July 2023 about lead-clad telephone cables, which were laid by American Telephone & Telegraph "between the late 1800s and the 1960s as it built out telephone service across" the country.  (July 9, 2023 WSJ article.)  Following the publication of the Wall Street Journal's reports, AT&T's share price fell. (*See* Compl. ¶¶ 39, 46, 50, 52.)

On July 27, 2023, the Rosen Law Firm—a plaintiffs' securities firm with offices in Newark—issued a press release announcing "an investigation of potential securities claims on behalf of shareholders of AT&T Inc." related to the Wall Street Journal articles.[2]  The Rosen Law

---

[2]    *See* The Rosen Law Firm PA, "ROSEN, A LEADING LAW FIRM, Encourages AT&T Inc. Investors With Losses to Inquire About Securities Class Action," July 27, 2023, available at https://www.globenewswire.com/en/news-release/2023/7/27/2712349/673/en/AT-T-INVESTOR-NEWS-ROSEN-A-LEADING-LAW-FIRM-Encourages-AT-T-Inc-Investors-With-Losses-to-Inquire-About-Securities-Class-Action-Investigation-T.html  (last  visited  Nov.  21, 2023); *see also* ECF No. 7-2.

Firm's press release stated that it was "preparing a class action" against AT&T and "Encourage[d] AT&T Inc. Investors With Losses to Inquire" about the Firm's "investigation."  The next day, the Rosen Law Firm filed the complaint in this action on behalf of Mr. Brazinsky.

The Complaint asserts that various statements AT&T made during the alleged class period were misleading in light of the Wall Street Journal's allegations.  The challenged statements are found primarily in AT&T's annual reports filed with the Securities and Exchange Commission on Form 10-K for the years ended December 31, 2020, 2021, and 2022 (Compl. ¶¶ 21, 24, 26, 29-30), as well as statements on AT&T's website including an update to AT&T's Environmental, Health and Safety Policy published in March 2020 (*id.* at ¶ 18), an update on June 8, 2023 discussing environmental, health and safety compliance (*id.* at ¶ 32), and the Company's Code of Business Conduct (*id.* at ¶ 33).

As a general matter, AT&T's SEC filings are approved and signed by officers working primarily from AT&T's Dallas headquarters.  (Fujimaki Decl. ¶ 5.)  Each of the SEC filings on which the Complaint relies was signed by one or more of the individual Defendants at a time he was working primarily from AT&T's Dallas headquarters.  (*Id.* at ¶¶ 6-8.)  AT&T's public statements about its corporate policies and practices—like the challenged statements posted on the Company's website—are generally approved and disseminated by company employees working in AT&T's Dallas headquarters.  (*Id.* at ¶¶ 11-13.)

## ARGUMENT

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  When deciding a Section 1404(a) transfer motion, "a court must determine:  (1) whether the proposed forum is one in which Plaintiff could have originally brought

suit, and (2) whether transfer would be in the interest of justice and for the convenience of parties and witnesses." *Frato v. Swing Staging, Inc.*, No. 10-5198-ES, 2011 WL 3625064, at *2 (D.N.J. Aug. 17, 2011).

## I.    This Action Could Have Been Brought in the Northern District of Texas.

The Court "must first determine whether the action could have been brought in the transferee district." *Tang v. Eastman Kodak Co.*, No. 3:20-cv-10462-FLW-ZNQ, 2021 WL 2155057, *4 (D.N.J. May 27, 2021). Under 15 U.S.C. § 78aa, an action asserting Exchange Act claims "may be brought in the district wherein any act or transaction constituting the violation occurred … or in the district wherein the defendant is found or is an inhabitant or transacts business." There can be no dispute that this action could have been brought in the Northern District of Texas.[3] All of the individual Defendants are residents of Texas, where AT&T's corporate headquarters is located. *See Jacobowitz v. Range Res. Corp.*, No. 2:21-cv-00301-RJC, 2021 WL 2457545, at *4 (W.D. Pa. June 16, 2021) (venue proper in the Northern District of Texas, where the defendant corporation was headquartered and the individual defendants worked and resided).

## II.    Interests of Justice and Convenience Favor Transfer.

If venue is proper in the proposed transferee district, the Court next considers "whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). "While there is no definitive formula or list of the factors to consider," the Third Circuit has identified various "private and public interests" relevant to the Court's analysis. *Id.* at 879–80.

---

[3]    Venue is also proper in the Northern District of Texas under 28 U.S.C. §§ 1391(b)(1) and (b)(2). Under 28 U.S.C. § 1391(b)(1), "[a] civil action may be brought in" any "judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located," and under 28 U.S.C. § 1391(b)(2), "[a] civil action may be brought in" any "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."

6

Relevant private interests may include (1) "plaintiff's forum preference as manifested in the original choice," (2) "the defendant's preference," (3) "whether the claim arose elsewhere," (4) "the convenience of the parties," (5) "the convenience of the witnesses," and (6) "the location of books and records." *Id.* at 879. Relevant public interests may include (1) "practical considerations that could make the trial easy, expeditious, or inexpensive," (2) "the relative administrative difficulty in the two fora resulting from court congestion," (3) "the local interest in deciding local controversies at home," and (4) "the public policies of the fora." *Id.*

### A.    Private Interests Favor Transfer.

### 1.    Plaintiff's Choice of Forum is Entitled to Little, If Any, Weight.

Plaintiff's forum choice carries little, if any, weight for at least three reasons. First, the plaintiff's choice is "'substantially less important [where] he sues representatively on behalf of a class.'" *Tang*, 2021 WL 2155057, at *5 (quoting *Job Haines Home for the Aged v. Young*, 936 F. Supp. 223, 228 (D.N.J. 1996)); *see also Gallagher v. Ocular Therapeutix, Inc.*, No. 17-5011, 2017 WL 4882487, at *4 (D.N.J. Oct. 27, 2017) ("[C]ourts in this Circuit have held that deference to a plaintiff's choice of forum is lessened considerably in securities fraud class actions."). This is so because, in class actions, "the potential members of the class will likely be scattered across the United States." *Santomenno v. Transamerica Life Ins. Co.*, No. 11-736-ES, 2012 WL 1113615, *5 (D.N.J. Mar. 30, 2012).

The Complaint defines the putative class as "persons or entities who purchased or otherwise acquired publicly traded AT&T securities between March 1, 2020 and July 26, 2023." (Compl. ¶ 1.) Such purchasers of AT&T stock are scattered across the country and, indeed, the globe. Evidencing the breadth of the class are the seven putative class members—residing in six different states, from New Mexico to New York, and Denmark—who initially sought appointment as lead plaintiff in this case. Of the three applicants who remain as contenders for appointment,

7

like plaintiff Brazinsky, none reside in New Jersey.

Second, the significance of Plaintiff's choice of forum is further diminished because Brazinsky does not live in this District, nor for that matter do any of the original or current lead plaintiff applicants. *See, e.g.*, *Gallagher*, 2017 WL 4882487, at *4 ("[P]laintiffs … do not reside in this District, so any weight attributable to their selection of this forum is [] diminished."); *Franklin U.S. Rising Dividends Fund v. Am. Int'l Grp., Inc.*, No. 2:13-05805, 2014 WL 1555133, at *7 (D.N.J. Apr. 14, 2014) ("[W]hen the plaintiff has not chosen its home forum, then the plaintiff's choice of forum deserves less deference.").

Third, because the "operative facts of this action bear little connection to" New Jersey, *Frato*, 2011 WL 3625064, at *4, Brazinsky's choice of New Jersey for the suit has little consequence.[4] *See Santi v. Nat'l Business Records Mgmt., LLC*, 722 F. Supp. 2d 602, 607 (D.N.J. 2010) ("[C]ourts give substantially less weight to a plaintiff's forum choice when the dispute at the heart of a lawsuit occurred almost entirely in another state."). The Complaint does not allege any facts suggesting that the claims arose in New Jersey. To the contrary, every AT&T public statement at issue in the Complaint emanated from AT&T's corporate headquarters in Dallas, Texas. (Fujimaki Decl. ¶¶ 5, 11-13.); *see also Yang v. Odom*, 409 F. Supp. 2d 599, 606 (D.N.J. 2006) (affording less deference to plaintiff's forum choice because "the alleged dissemination of materially misleading information did not occur in New Jersey").

Under these circumstances, Brazinsky's "decision to file in New Jersey"—the *only* factor

---

4       The same counsel, Pomerantz LLP, that is representing a group of New York funds seeking to be appointed lead plaintiff in this case, has also argued that a plaintiff's choice of forum "is entitled to little deference because 'the operative facts in this litigation bear little, if any, connection to the [chosen forum] and 'in class actions less weight is given to the plaintiff's choice.'" *See* Pre-Motion Letter, *City of Miami Fire Fighters' and Police Officers' Retirement Trust v. CVS Health Corp.*, No. 1:19-cv-01725-AT-BCM, Dkt. 53 at 4 (S.D.N.Y. Aug. 2, 2019) (citation omitted).

favoring litigation in this district—"is not decisive." *Tang*, 2021 WL 2155057, at *5.

### 2.    The Claims Arose in Texas.

The "most critical" factor is where the claims arose. *Metro. Life Ins. Co. v. Bank One, N.A.*, No. 03-1882-SDW, 2012 WL 4464026, at *6 (D.N.J. Sept. 25, 2012).[5] "Securities fraud claims arise in the district from which the [alleged] misrepresentations and omissions originated." *Gallagher*, 2017 WL 4882487, at *4; *see also In re 3M Co.*, 2020 U.S. App. LEXIS 36961, at *6 (vacating denial of transfer motion, in part, because "the District Court failed to meaningfully consider whether Respondents' claims arose outside of New Jersey" and explaining that "[c]laims based on false statements or omissions arise in the district where they occurred"). For example, in *In re 3M Company*, the plaintiffs argued that New Jersey had "substantial ties to the alleged wrongdoing underlying this matter given the entire state has been exposed to PFAS," but the Third Circuit noted "[t]his is a securities class action aimed at redressing economic harm suffered by 3M's investors, not environmental harm in New Jersey." *Id.* at *5. The same is true in this case.

Further, although the Complaint alleges that venue is proper in this district because "the alleged misstatements entered and the subsequent damages took place in this judicial district," (Compl. ¶ 4), that is irrelevant. In a securities action, "'the misrepresentations and omissions are deemed to occur in the district where they were transmitted or withheld, not where they are received.'" *Tang*, 2021 WL 2155057, *6 (quoting *Kerik v. Tacopina*, No. 14-488-FSH, 2014 WL

---

[5]    *See also Karimi v. Deutsche Bank Aktiengesellschaft*, No. 20-8978-ES-JRA, 2022 WL 1001566, at *5 (D.N.J. Mar. 31, 2022) ("Where Plaintiffs' claims arose is most critical to the Court's analysis."); *Gallagher*, 2017 WL 4882487, at *4 ("where the claims arose … is significant in the transfer analysis"); *Travelodge Hotels, Inc. v. Perry Developers, Inc.*, No. 11-1464-DMC-JAD, 2011 WL 5869602, at *5 (D.N.J. Nov. 22, 2011) (where the claims arose "is considered to be the most critical to the Court's analysis"); *Days Inns Worldwide, Inc. v. Ram Lodging, LLC*, No. 09-2275-SDW, 2010 WL 1540926, at *6 (D.N.J. Apr. 14, 2010) ("where the claims arose[] is the most critical to the Court's analysis").

1340038, at *5 (D.N.J. Apr. 3, 2014)).

All of the statements challenged in the Complaint emanated from AT&T's corporate headquarters in Dallas. (Fujimaki Decl. ¶¶ 5, 11-13.) Thus, the claims arose in the Northern District of Texas, and the "most critical factor" favors transfer.

### 3.    Texas is More Convenient for the Parties and Witnesses.

The Northern District of Texas is more convenient for the five Defendants. AT&T is based in Dallas. And the individual Defendants all live in the Dallas area. The Northern District of Texas would also be more convenient for other witnesses, most of whom are likely current or former AT&T employees living in the Dallas area. *Id.*; *see also In re 3M Co.*, 2020 U.S. App. LEXIS 36961, at *7 ("most of the witnesses will likely be employees who work at 3M's headquarters"); *In re USA Techs., Inc. Sec. Litig.*, No. 18-13759, 2019 WL 4785780, at *3 (D.N.J. Sept. 30, 2019) (convenience factor favored transfer because "many witnesses will likely be employees who work from [the defendant's] headquarters and presumably live nearby"); *Tang*, 2021 WL 2155057, at *8 (the "key witnesses" in securities fraud cases are often officers and employees of the corporate defendant who participated in distributing the statements). Appearing in the Northern District of Texas would reduce the expense and inconvenience of travel that they would otherwise be forced to incur if this action were to proceed in New Jersey.

By contrast, neither the District of New Jersey nor the Northern District of Texas is a more convenient forum for the plaintiffs. Mr. Brazinsky lives in Colorado. None of the original or current lead plaintiff applicants lives in New Jersey or Texas, either. And "potential class members are apparently located throughout the country" or in other countries. *Yang*, 409 F. Supp. 2d at 607. As a result, "any stockholder in the affected class who subsequently chooses to appear might be faced with … inconvenience[]" regardless of whether this case proceeds in the District of New Jersey or the Northern District of Texas. *Firmani v. Clarke*, 325 F. Supp. 689, 691 (D. Del. 1971).

10

Both the convenience of witnesses and also the parties thus strongly favor transfer to the Northern District of Texas.

### 4.    The Relevant Evidence is in Texas.

The location of the relevant books and records favors transfer.  As a general matter, the documentary evidence for a securities fraud claim is in the defendants' control.  *See id.* at 692 (noting "[t]he critical evidence [in a securities case], both testimonial and documentary, to sustain the claims of the complaint must come from … documents within the defendant's control.").  Here, as with the majority of the witnesses, the location of the relevant documents and sources of proof is the Northern District of Texas.  (Fujimaki Decl. ¶ 14.)  Although in the e-discovery era, this factor has reduced importance, courts have found this factor to weigh in favor of transfer to the corporate issuer's home forum in securities class actions.  *See In re USA Techs., Inc. Sec. Litig.*, 2019 WL 4785780, at \*4 ("Although … this factor may be minimized by '[r]ecent technological advances' and the potential production of records in an alternative forum, most of the relevant evidence is likely [at the company's headquarters], and thus this factor weighs in favor of transfer.").

### B.    The Public Factors Favor Transfer to the Northern District of Texas.

Public interests also support transfer to Texas.  First, practical considerations favor transfer. As explained above, the location of the parties, relevant witnesses, and books and records all make the Northern District of Texas a more convenient forum.  *See Tang*, 2021 WL 2155057, at \*9 (practical considerations "favor[] transfer … for the same reason as the private interest factors:  it would make trial substantially easier on Defendants and witnesses, and no harder on anyone else").

Second, "the relative administrative difficulty in the two fora resulting from court congestion" strongly favors transfer.  *Jumara*, 55 F.3d at 879.  "New Jersey faces the most significant backlog of cases in the country." *Tang*, 2021 WL 2155057, at \*9.  As of June 30, 2023,

11

the District of New Jersey had 3,732 cases pending per judgeship, making it the second busiest district court in the country by that measure.[6]  Thus, transfer would further New Jersey's "public policy to preserve its limited judicial resources, or at least not waste them on litigation with no meaningful connection to the state."  *Id.* at *10.  By contrast, the Northern District of Texas "has a comparatively lower caseload, which favors transfer there."  *Id.* at *9.

Finally, the Northern District of Texas has "a strong interest in deciding a local controversy involving one of its biggest corporate citizens."  *Id.*; *see also LG Elecs., Inc. v. First Int'l Computer, Inc.*, 138 F. Supp. 2d 574, 592 (D.N.J. 2001) ("The location where the claim arose is also a public interest factor because local judges and juries are preferred arbiters of events in their jurisdiction and community."); *In re USA Techs., Inc. Sec. Litig.*, 2019 WL 4785780, at *4 ("Pennsylvania has a greater interest in this case than New Jersey as the alleged misrepresentations were made in Pennsylvania by a Pennsylvania company.").

All of the relevant public factors therefore weigh in favor of transfer.

## CONCLUSION

This action could have been brought in the Northern District of Texas.  Interests of justice and convenience favor transfer there.  Defendants respectfully request that the Court transfer this action to the Northern District of Texas pursuant to 28 U.S.C. § 1404(a), and further request that the Court enter its transfer Order before ruling on the pending motions for appointment as lead plaintiff, to afford the transferee court the opportunity to decide the lead plaintiff motions.

---

[6]    *See* Administrative Office of the United States Courts, Federal Court Management Statistics, https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0630.2023.pdf.

12

Dated:  November 22, 2023

Respectfully submitted,

**BAKER BOTTS L.L.P.**

*/s/ Richard B. Harper*
Richard B. Harper
James J. Beha II (*pro hac vice*)
30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 408-2500
Facsimile: (212) 408-2501
richard.harper@bakerbotts.com
jim.beha@bakerbotts.com

Jessica Bateman Pulliam (*pro hac vice*)
John B. Lawrence (*pro hac vice*)
Kirstie Wallace (*pro hac vice*)
2001 Ross Avenue, Suite 900
Dallas, Texas 75201
Telephone: (214) 953-6500
Facsimile: (214) 661-6503
jessica.pulliam@bakerbotts.com
john.lawrence@bakerbotts.com
kirstie.wallace@bakerbotts.com

*Counsel for Defendants*

13

**CERTIFICATE OF SERVICE**

I hereby certify that on November 22, 2023, I served a copy of the foregoing document through the CM/ECF system upon all counsel of record.

*/s/ Richard B. Harper*
Richard B. Harper

**CERTIFICATE OF CONFERENCE**

I hereby certify that on November 20, 2023, counsel for Defendants conferred via email with counsel for the remaining lead plaintiff movants, concerning the filing of Defendants' Motion to Transfer Venue. Counsel for the New Mexico State Investment Council ("NMSIC") advised that NMSIC takes no position on Defendants' Motion. Counsel for Velliv, Pension & Livsforsikring A/S ("Velliv") advised that Velliv's position is that Defendants' Motion should be deferred until the Court appoints a lead plaintiff. Counsel for the New York City Public Pension Funds (the "NYC Funds") has not indicated whether the NYC Funds take a position on Defendants' Motion.

*/s/ Richard B. Harper*
Richard B. Harper

14