**CARELLA, BYRNE, CECCHI,**
**BRODY & AGNELLO, P.C.**
James E. Cecchi
Donald A. Ecklund
5 Becker Farm Road
Roseland, NJ 07068
Telephone:  (973) 994-1700

*Proposed Liaison Counsel for the Class*

[Additional counsel on signature page.]

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN BRAZINSKY, Individually and on behalf of all others similarly situated, | Case No. 2:23-cv-04064-MCA-JBC |
| Plaintiff, | Hon. Madeline Cox Arleo District Judge |
| v. | Hon. James B. Clark, III Magistrate Judge |
| AT&T INC., RANDALL L. STEPHENSON, JOHN T. STANKEY, PASCAL DESROCHES, and JOHN STEPHENS, | **MOTION DAY:** December 18, 2023 |
| Defendants. | |

## VELLIV, PENSION & LIVSFORSIKRING A/S'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER PURSUANT TO 28 U.S.C. § 1404

## **TABLE OF CONTENTS**

**Page**

ARGUMENT ..................................................................................................................1

CONCLUSION ..............................................................................................................5

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Bank of Am. Corp. Sec., Derivative & Emp. Ret. Income Sec. Act
(ERISA) Litig.*,
No. 09 MDL 2058(DC), 2010 WL 1438980 (S.D.N.Y. Apr. 9, 2010) ...............2

*In re Facebook, Inc., IPO Sec. & Derivative Litig.*,
MDL No. 12-2389, 2013 WL 4399215 (S.D.N.Y. Aug. 13, 2013) ....................3

*In re Facebook, Inc., IPO Sec. & Derivative Litig.*,
343 F. Supp. 3d 394 (S.D.N.Y. 2018), *aff'd sub nom. In re Facebook,
Inc., IPO Class Action Settlement*, 822 F. App'x 40 (2d Cir. 2020)....................3

*Hefler v. Wells Fargo & Co.*,
No. 16-cv-05479-JST, 2018 WL 6619983 (N.D. Cal. Dec. 17, 2018),
*aff'd sub nom. Hefler v. Pekoc*, 802 F. App'x 285 (9th Cir. 2020).....................2

*Hevesi v. Citigroup Inc.*,
366 F.3d 70 (2d Cir. 2004) ...................................................................................2

*Kabak ex rel. Stephen Kabak & Joy Schary Living Trust v. Becton,
Dickinson & Co.*,
No. 20-2155 (SRC), 2020 WL 3056281 (D.N.J. June 9, 2020) ......................2, 3

*In re Synergy Pharms. Inc. Sec. Litig.*,
Nos. 18 Civ. 873 (AMD) (VMS), *et al.*, 2019 WL 6150713
(E.D.N.Y. Nov. 20, 2019)....................................................................................3

*Tang v. Eastman Kodak Co.*,
No. 3:20-cv-10462-FLW-ZNQ, 2021 WL 2155057 (D.N.J. May 27, 2021).......5

*In re Telxon Corp. Sec. Litig.*,
67 F. Supp. 2d 803 (N.D. Ohio 1999) ................................................................2

**Statutes/Codes**

15 U.S.C. § 78u-4(a)(3)(B)(i) ............................................................................1, 5

15 U.S.C. § 78u-4(b)(3)(B)....................................................................................4

i

28 U.S.C. § 1404 ................................................................................................................3

Proposed Lead Plaintiff Velliv, Pension & Livsforsikring A/S ("Velliv") respectfully submits this Opposition to the November 22, 2023 motion of Defendants AT&T Inc., Randall L. Stephenson, John T. Stankey, Pascal Desroches, and John Stephens ("Defendants") to transfer the above-captioned action (the "Action") to the United States District Court for the Northern District of Texas (ECF No. 43, the "Motion").

## ARGUMENT

Defendants' Motion should be denied as premature or held in abeyance until after the appointment of a Lead Plaintiff and Lead Counsel who can, as contemplated by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), determine how best to respond to Defendants' request to transfer this Action. Waiting to resolve the Motion until after the appointment of a Lead Plaintiff is particularly appropriate since the Motion was not filed until nearly four months after the filing of the initial complaint and should not, because of its late filing, delay the Court's selection of a Lead Plaintiff under the PSLRA.

The PSLRA requires the appointment, "[n]ot later than 90 days after" the publication of notice of the action, of a lead plaintiff that is the "most capable of adequately representing the interests of the class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). Here, the Action was filed on July 28, 2023 (ECF No. 1), and notice regarding the Action was published in *Business Wire* that same day (ECF No. 13-

6).[1]  Lead Plaintiff motions were filed by multiple movants on September 26, 2023

(ECF Nos. 5, 9, 10, 11, 12, 13 & 14), and briefing on those motions was completed

on November 8, 2023 (ECF No. 39).  The issue of the appointment of a Lead Plaintiff

and Lead Counsel thus is ripe for decision.[2]

The appointment of a Lead Plaintiff is critical because the primary goal of the

PSLRA's lead plaintiff requirement is for the Court to appoint "one lead plaintiff to

exercise overall control of the litigation."  *Kabak ex rel. Stephen Kabak & Joy*

*Schary Living Trust v. Becton, Dickinson & Co.*, No. 20-2155 (SRC), 2020 WL

---

[1]     The plaintiff and law firm that filed the initial complaint are not currently
seeking to serve as Lead Plaintiff and Lead Counsel in this Action.  The Court-
appointed Lead Plaintiff will determine what claims to pursue in this Action.  *See In
re Bank of Am. Corp. Sec., Derivative & Emp. Ret. Income Sec. Act (ERISA) Litig.*,
No. 09 MDL 2058(DC), 2010 WL 1438980, at *2 (S.D.N.Y. Apr. 9, 2010)
(confirming that the "lead plaintiff is empowered [under the PSLRA] to control the
management of the litigation as a whole") (citations omitted); *Hevesi v. Citigroup
Inc.*, 366 F.3d 70, 82 n.13 (2d Cir. 2004) (same); *Hefler v. Wells Fargo & Co.*, No.
16-cv-05479-JST, 2018 WL 6619983, at *11 (N.D. Cal. Dec. 17, 2018) (noting that
the lead plaintiff has the authority to decide which claims to bring or "not to bring"
on behalf of the class) (citations omitted), *aff'd sub nom. Hefler v. Pekoc*, 802 F.
App'x 285 (9th Cir. 2020).  Thus, it is possible that the complaint filed by the Court-
appointed Lead Plaintiff in this Action may be significantly different from the initial
complaint.

[2]     Given that the required notice was filed on July 28, 2023, the PSLRA
contemplated that the Lead Plaintiff determination could have been made by late
October 2023.  Delaying the decision further by transferring the Action to another
jurisdiction, as Defendants request, is contrary to the goal of the PSLRA to as
expeditiously as possible appoint a Lead Plaintiff.  *See In re Telxon Corp. Sec. Litig.*,
67 F. Supp. 2d 803, 818-19 (N.D. Ohio 1999) ("The obvious intent of these
provisions is to ensure that the lead plaintiff is appointed at the earliest possible time,
and to expedite the lead plaintiff process.") (citations omitted).

3056281, at *3 (D.N.J. June 9, 2020) (citing *Hevesi*, 366 F.3d at 83).  Once appointed, lead plaintiffs have "sole authority to make strategic decisions on behalf of the class."  *In re Synergy Pharms. Inc. Sec. Litig.*, Nos. 18 Civ. 873 (AMD) (VMS), *et al.*, 2019 WL 6150713 at *4 (E.D.N.Y. Nov. 20, 2019) (citing *In re Facebook, Inc., IPO Sec. & Deriv. Litig.*, MDL No. 12-2389, 2013 WL 4399215, at *2 (S.D.N.Y. Aug. 13, 2013)).

Here, as in any litigation, determination of the venue in which the action will proceed is a significant strategic issue that should be addressed by the Lead Plaintiff appointed by the Court to control the litigation.  At this stage of the Action, prior to the Court's appointment of a Lead Plaintiff, there is no entity that is legally empowered to make such a decision on behalf of the putative class and, if a decision is made to oppose the Motion, to determine what arguments should be presented to the Court.  Moreover, the analysis of whether transfer is appropriate under 28 U.S.C. § 1404 hinges on the actual allegations, claims, and defendants, *see* ECF No. 43-1 at 9-11 (analyzing the claims asserted in the ***initial*** complaint), which may change when the Court-appointed Lead Plaintiff files ***its*** operative complaint.  *See, e.g., In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 343 F. Supp. 3d 394, 410 (S.D.N.Y. 2018), *aff'd sub nom. In re Facebook, Inc., IPO Class Action Settlement*, 822 F. App'x 40 (2d Cir. 2020) ("It is axiomatic . . . that a lead plaintiff has the sole

authority to determine what claims to pursue on behalf of the class.") (internal quotation marks and citations omitted).

Defendants will suffer no prejudice from deferring resolution of their Motion. Beyond the fact that Defendants waited nearly four months from the filing of the Action to file the Motion, Defendants have already entered into a joint stipulation with the initial plaintiff deferring Defendants' obligation to respond "until after Lead Plaintiff and Lead Counsel are appointed and Lead Plaintiff files an amended or consolidated complaint or designates an operative complaint." ECF No. 15 at 2; *see also id.* at 1-2 ("the Parties agree that an answer or motion responding to the Complaint would be premature prior to the entry of an order, pursuant to the PSLRA, appointing Lead Plaintiff, approving Lead Counsel, and the anticipated filing of an amended or consolidated complaint or the designation of an operative complaint by Lead Plaintiff"). Furthermore, pursuant to the PSLRA's mandatory discovery stay, Defendants have no discovery obligations prior to the resolution of a motion to dismiss (or Defendants answer) the Court-appointed Lead Plaintiff's operative complaint. *See* 15 U.S.C. § 78u-4(b)(3)(B) ("all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party").

4

To the extent that Defendants seek to rely on *Tang v. Eastman Kodak Co.*, No. 3:20-cv-10462-FLW-ZNQ, 2021 WL 2155057 (D.N.J. May 27, 2021), for the proposition that transfer prior to the selection of lead plaintiff is appropriate, that case is procedurally inapposite. There, the motion to transfer was proposed by a lead plaintiff applicant, was not opposed by defendants (although the motion was opposed by another lead plaintiff applicant), and the case ultimately was transferred to a venue different from that proposed in the motion. Here, it is Defendants who have interjected themselves in the Lead Plaintiff selection process by requesting transfer prior to the Court's appointment of a Lead Plaintiff, and it should be left to the duly appointed Lead Plaintiff to determine how best to respond to that request.[3]

Thus, the Motion should be denied as premature or, at the very least, held in abeyance until there is a duly appointed Lead Plaintiff who can respond on behalf of the class.

## CONCLUSION

For the foregoing reasons, the Motion should be denied without prejudice or held in abeyance pending appointment of a Lead Plaintiff.

Dated: December 4, 2023            Respectfully submitted,

                                   s/ *James E. Cecchi*
                                   James E. Cecchi

---

[3]    Moreover, Defendants have not explained how their attempt to delay the appointment of a lead plaintiff comports with the time limits set by the PSLRA. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i).

Donald A. Ecklund
**CARELLA, BYRNE, CECCHI,
BRODY & AGNELLO, P.C.**
5 Becker Farm Road
Roseland, NJ 07068
Telephone:  (973) 994-1700
Facsimile:  (973) 994-1744
jcecchi@carellabyrne.com
decklund@carellabyrne.com

*Proposed Liaison Counsel for the Class*

**KESSLER TOPAZ
MELTZER & CHECK, LLP**
Naumon A. Amjed
Darren J. Check
Ryan T. Degnan
Joshua S. Keszczyk
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056
namjed@ktmc.com
dcheck@ktmc.com
rdegnan@ktmc.com
jkeszczyk@ktmc.com

*Counsel for Velliv, Pension & Livsforsikring
A/S and Proposed Lead Counsel for the Class*

6

## CERTIFICATE OF SERVICE

I, James E. Cecchi, hereby certify that on December 4, 2023, I caused a true and correct copy of the foregoing to be filed electronically with the Clerk of the Court using the ECF system.  Notice of this filing will be sent to counsel of record by operation of the Court's electronic filing system.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: December 4, 2023   Respectfully submitted,


     *s/ James E. Cecchi*
     James E. Cecchi
     **CARELLA, BYRNE, CECCHI,**
     **BRODY & AGNELLO, P.C.**
     5 Becker Farm Road
     Roseland, NJ 07068
     Telephone: (973) 994-1700
     Facsimile: (973) 994-1744
     jcecchi@carellabyrne.com

     *Proposed Liaison Counsel for the Class*

7