**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

---

IN RE AT&T INC. SECURITIES
LITIGATION

Case No. 3:24-cv-01196-N

---

**EMERGENCY MOTION TO STRIKE**
**THIRD AMENDED COMPLAINT AND BRIEF IN SUPPORT**

The Court should strike Plaintiffs' putative Third Amended Complaint ("TAC").  It is prohibited by well-established law, introduces unwarranted and expensive uncertainty into these proceedings, and is nothing more than an attempt to avoid responding to Defendants' pending motion to dismiss.  Rule 15 permits a plaintiff to amend its pleading "*once* as a matter of course." Fed. R. Civ. P. 15(a)(1)(B) (emphasis added).  "In all other cases," the plaintiff may amend "only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).

Two days ago, Plaintiffs purported to file their *Third* Amended Class Action Complaint ("TAC")—without consent or leave of this Court.  Plaintiffs allege in the TAC that this *fourth* edition of their complaint—filed more than two years after the initial complaint, a year after Defendants moved to dismiss the First Amended Complaint ("FAC"), after this Court dismissed their FAC, and after Plaintiffs filed their Second Amended Complaint ("SAC") with leave of court—is permitted "as a matter of course pursuant to Fed. R. Civ. P. 15(a)(1)(B)." Dkt. 96 at p.1; Dkts. 1, 64, 70, 90, 91.  But "a plaintiff may amend her complaint only 'once as a matter of course'" under Rule 15(a)(1), and courts routinely hold that "*[o]nce means once*."  *Simon v. GM Fin.*, 2025 WL 2689917, at *1 (N.D. Tex. Sept. 19, 2025) (emphasis added).  Plaintiffs' TAC flouts that rule, so it must be stricken.

In June, the Court granted Defendants' motion to dismiss and gave Plaintiffs 30 days to file an amended complaint, which they did by filing their SAC without seeking any extensions of time.  Dkts. 90, 91.  The Court subsequently approved the parties' agreed briefing schedule—with Defendants' motion to dismiss due September 15, and Plaintiffs' opposition due November 14. Dkt. 94.

Recognizing that the SAC failed to resolve any of the issues this Court identified in dismissing the FAC, Plaintiffs now seek to flout the rules of civil procedure and end-run the agreed

1

briefing schedule.  Dkt. 95.  If Plaintiffs think another bite at the apple is warranted, the proper approach is to attach their proposed TAC to their November 14 filing—and seek the leave required by Rule 15 to file it.  Defendants could then respond to any such request and explain why dismissal of the SAC with prejudice remains warranted—and why any motion to amend again to file Plaintiffs' TAC would be futile and should be denied.

The Court should not countenance Plaintiffs' brazen attempt to skirt the Rules, disturb the long-agreed briefing schedule, and brief yet another motion to dismiss.  It should strike the TAC and make clear that Plaintiffs remain bound by their November 14 response deadline, which they can use to seek leave to file their proposed TAC if they so choose.  Doing otherwise would reward Plaintiffs for burdening Defendants (and the Court) with the time and expense associated with disrupting the orderly briefing schedule, excuse Plaintiffs' failure to timely marshal their allegations in multiple prior amendments, and incentivize gamesmanship and belated amendments that should have been exercised at the outset of litigation.

In the interim, Defendants[1] respectfully request this Court act on an emergency basis to grant this motion to strike and confirm that any 14-day responsive pleading deadline associated with Plaintiffs' improperly filed TAC is either a nullity or, alternatively, stayed.[2]  This would remove any doubt and allow Defendants to avoid wasting the time, effort, and expense associated with filing a responsive pleading by a (nonexistent) October 20 deadline, and permit the parties to

---

[1]    This motion is brought on behalf of Defendants AT&T Inc., Randall L. Stephenson, John T. Stankey, Pascal Desroches, Jeffrey S. McElfresh, and John Stephens.  The TAC purports to add Melissa Arnoldi, Keith Korte, and John Malone as additional Defendants; those individuals have not yet been served with process.

[2]    In conferring on this motion, Plaintiffs offered not to oppose a stay of Defendants' deadline to file a responsive pleading to the TAC pending resolution of this motion, but only if Defendants agreed that Plaintiffs' deadline to respond to the pending motion to dismiss the SAC would also be stayed. Ex. B. Defendants declined this offer, as doing so would further reward Plaintiffs' gamesmanship and disregard of the Rules by giving Plaintiffs unknown additional time to respond to the motion to dismiss that Defendants filed on September 15. The very purpose of this motion is to confirm that the TAC is a nullity and as a result the existing Court-ordered briefing schedule on the pending motion to dismiss remains in effect.

2

move forward in an orderly fashion on the existing agreed and Court-ordered briefing schedule on the SAC.  *See* Fed. R. Civ. P. 15(a)(3) (14-day responsive pleading deadline); *see also GoldCrown Props., Inc. v. Mut. of Omaha Bank*, 784 F. App'x 873, 875 (5th Cir. 2019) ("[F]ailing to request leave from the court when leave is required makes a pleading more than technically deficient.  The failure to obtain leave results in an amended complaint having no legal effect.") (quotations and citation omitted).

### BACKGROUND AND PROCEDURAL HISTORY

The original complaint in this action was filed on July 28, 2023.  Dkt. 1.  The New Jersey transferor district court then appointed Plaintiffs and their counsel as lead plaintiffs and lead counsel, respectively, on April 16, 2024.  Dkt. 49.  And Plaintiffs filed their FAC on July 8, 2024.  Dkt. 64.

Defendants moved to dismiss the FAC on September 6, 2024.  Dkt. 70.  Rather than amend in response to that motion, Plaintiffs chose to rest on their FAC and opposed Defendants' motion to dismiss.  Dkt. 73.  After full briefing, the Court granted Defendants' motion to dismiss on June 16, 2025, "dismiss[ing] all Plaintiffs' claims without prejudice" but granting "Plaintiffs leave to amend their complaint within thirty (30) days of the date of th[e] Order" or else "the Court w[ould] dismiss all claims with prejudice."  Dkt. 90 at 31.  Plaintiffs had alternatively requested such leave to amend—consistent with the Rules—in their opposition to Defendants' first motion to dismiss.  Dkt. 73 at 32.

Plaintiffs filed their SAC on July 16, 2025, without seeking an extension of their time to do so.  Dkt. 91.  The parties then submitted, and the Court approved, an agreed briefing schedule under which Defendants would file their motion to dismiss the SAC by September 15, 2025, and "[t]he deadline for Lead Plaintiffs' Opposition to Defendants' Motion to Dismiss shall be

November 14, 2025." Dkts. 93, 94.

On September 12, 2025—just one business day before Defendants' motion to dismiss deadline and after Defendants had undertaken the time and expense to prepare their motion to dismiss the SAC—Plaintiffs' counsel first informed Defendants' counsel that Plaintiffs did not want to stand by their recently filed SAC or the parties' agreed schedule and would instead amend *again* and thus without seeking leave of court (or Defendants' agreement). Ex. A. Plaintiffs' eleventh-hour outreach came with a vague proposal to agree on a briefing schedule for a proposed TAC, while refusing to share the proposed TAC and offering only to give a "high-level summary by phone" of Plaintiffs' then-proposed amendments, which "w[ould] likely change" before the proposed TAC was purportedly "due" at some point *after* Defendants' motion to dismiss deadline. *Id.* Given the procedural impropriety, timing, and lack of clarity associated with Plaintiffs' "request," *id.*, Defendants complied with their imminent deadline and filed their motion to dismiss the SAC on September 15, 2025. Dkt. 95.

Defendants heard nothing more from Plaintiffs until October 6, 2025, when Plaintiffs filed the proposed TAC purportedly "as a matter of course pursuant to Fed. R. Civ. P. 15(a)(1)(B)" in response to Defendants' motion to dismiss the SAC. Dkt. 96 at p.1. Plaintiffs never sought the Court's permission to file the proposed TAC. And the proposed TAC gives no indication why its handful of additional allegations did not appear in the SAC—which is wholly unsurprising, given that the proposed TAC includes supposedly "new" allegations from multiple confidential witnesses ("CWs") who were not just known but *actually included in* Plaintiffs' SAC. *See* Dkt. 96-1 (Redline) ¶¶ 42, 89 (including allegations from CW17, whom the SAC previously included); ¶ 243 (including allegations from CW24, whom the SAC previously listed as "a resident with a home on Lake Tahoe"). Likewise, recognizing the SAC's fatal deficiencies, the proposed TAC

4

purports to name "new" defendants—including John Malone, whom the SAC (*and the FAC*) mentioned no fewer than 20 times—as part of a futile attempt to (a) end-run around the defective alleged misrepresentation claims and (b) repackage them as an equally deficient "scheme liability" claim. *Id.* ¶ 25; *see generally* Dkts. 64, 91.

**ARGUMENT**

Plaintiffs' proposed TAC is not a matter of course amendment under Rule 15(a)(1)—as many courts have confirmed—because this is Plaintiffs' third amendment and independently because Plaintiffs failed to amend in response to Defendants' first motion to dismiss. This Court should therefore strike Plaintiffs' proposed TAC and confirm that Defendants have no obligation to respond to it. Because the TAC was improperly filed, Plaintiffs remain bound by the existing agreed scheduling order, and must respond to Defendants' motion to dismiss by November 14. If Plaintiffs wish to seek leave of this Court to file yet another amended complaint, they should move to do so in their response to Defendants' motion to dismiss.

**I.     The proposed TAC is not a "matter of course" amendment under Rule 15(a)(1) and thus required leave of court.**

Under Rule 15(a)(1), "[a] party may amend its pleading once as a matter of course no later than: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). For all "[o]ther [a]mendments," Rule 15(a)(2) specifies that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

Plaintiffs did not seek or secure leave of Court or Defendants' permission to file the proposed TAC, choosing instead to premise the proposed TAC exclusively on "a matter of course" amendment theory under Rule 15(a)(1)(B), having filed it within 21 days of Defendants' motion

5

to dismiss the SAC. Dkt. 96 at p.1. That theory—and thus the only conceivable way the proposed TAC could have been properly filed without consent or leave of court—falls apart for two independent reasons.

### A. Plaintiffs have already (twice) exhausted their right to amend.

Under Rule 15(a)(1) "a plaintiff may amend her complaint only 'once as a matter of course.'" *Simon v. GM Fin.*, 2025 WL 2689917, at *1 (N.D. Tex. Sept. 19, 2025). As courts in this district have repeatedly held, "[o]nce means once." *Id.* (quoting *Logue v. Patient First Corp.*, 246 F. Supp. 3d 1124, 1127 (D. Md. 2017)); *Tomlinson v. Dallas Area Rapid Transit*, 2021 WL 5908991, at *1 (N.D. Tex. Dec. 14, 2021) (same); *Merisier v. Johnson Cnty., Tex.*, 2020 WL 13856958, at *1 (N.D. Tex. May 26, 2020) (same); *Hamilton v. Bell*, 2021 WL 6690274, at *1 (N.D. Tex. Dec. 21, 2021) (same), *report and recommendation adopted*, 2022 WL 221228 (N.D. Tex. Jan. 25, 2022). Plaintiffs already amended not once, but *twice*, before filing the proposed TAC, which means they are doubly barred from now claiming their first "matter of course" amendment more than two years into this litigation.

First, Plaintiffs filed the consolidated FAC on July 8, 2024, nearly three months after their appointment as lead plaintiffs and more than a year before this purported TAC. Dkt. 64. As another court in this district held in rejecting a purported "matter of course" amended securities complaint under similar circumstances, the fact that a different plaintiff filed the original complaint and the consolidated FAC "was the first one filed by Lead Plaintiffs" is of no moment. *In re Capstead Mortg. Corp. Sec. Litig.*, 2003 WL 22221320, at *2 (N.D. Tex. Sept. 19, 2003). Such a consolidated FAC "provided Plaintiffs an opportunity [to] replead their case, and to craft a pleading sufficient to withstand a motion to dismiss," rendering any "contention that they have been denied an opportunity to amend 'once as a matter of course' unpersuasive." *Id.*

Second, Plaintiffs filed the SAC on July 16, 2025, Dkt. 91, after an additional year of

6

investigation and after the Court *granted* Defendants' motion to dismiss the FAC and granted leave to Plaintiffs to amend their complaint to fix the defects identified in the Court's opinion, Dkt. 90 at 31. As the Fifth Circuit has held, the fact that such an "amendment was not voluntary" does not exempt it from "the terms of Rule 15(a)." *Elliott v. Foufas*, 867 F.2d 877, 882 (5th Cir. 1989). Plaintiffs "w[ere] on notice" of the deficiencies identified in the Court's opinion and "should have cured the deficiencies in" their SAC; "[a]ny further amendment, therefore, could only be by leave of the court." *Id.* at 882–83.

Plaintiffs already have amended twice, so they cannot now invoke Rule 15(a)(1)'s right to amend "*once* as a matter of course" to effectuate a *third* amendment. Fed. R. Civ. P. 15(a)(1) (emphasis added). They must instead seek "leave of the court" to do so. *Elliott*, 867 F.2d at 883.

**B.     Plaintiffs' failure to amend in response to Defendants' first motion to dismiss independently precludes them from now amending as a matter of course.**

Even setting aside the dispositive effect of Plaintiffs' two prior amendments, their invocation of Rule 15(a)(1)(B) betrays a fundamental misunderstanding of the 21-day window during which an amendment as a matter of right must occur. Plaintiffs did not amend—at all, much less within any 21 days—in response to Defendants' *first* motion to dismiss the FAC. So Plaintiffs must necessarily imagine a world where the "21 days after service of a responsive pleading or … motion" window in Rule 15(a)(1)(B) *restarts* after each successive motion to dismiss, regardless of how many complaints, motions to dismiss, and missed opportunities to amend preceded it. That is not and should not be the law.

Courts resoundingly agree that "Rule 15(a)(1)(B) is phrased restrictively, not permissively; it refers to one, unbroken period for amendment as of course that begins with service of the complaint and continues through the service of the *first* responsive pleading or Rule 12 motion and runs for another 21 days." *Savignac v. Jones Day*, 341 F.R.D. 120, 123–27 (D.D.C. 2022)

7

(emphasis added) (thoroughly analyzing the "text, structure, and purpose of Rule 15(a)"); *In re AME Church Employee Ret. Fund Litig.*, 2024 WL 4668163, at \*4 (W.D. Tenn. Nov. 4, 2024) (collecting cases) (holding that the view that "the right to amend the complaint once as a matter of course is limited to the initial stages of a case and, thus, the right terminates twenty-one days after the *first* responsive pleading or motion under Rule 12(b), (e), or (f) is served, is the one most reasonable and best serves the interests of judicial fairness and economy") (emphasis added); *Evans v. Dart*, 2023 WL 3568685, at \*3 (N.D. Ill. May 19, 2023) ("the right to amend as a matter of course expires after the *first* responsive pleading or Rule 12(b), (e), or (f) motion is filed") (emphasis added); *Two/Goode Bay v. Goodyear Tire & Rubber Co.*, 2023 WL 142791, at \*2 (D. Ariz. Jan. 10, 2023) ("the Court finds that the right to file an amended complaint as a matter of course permanently expires 21 days after the *first* Motion to Dismiss") (emphasis added).

The leading treatises are in accord. *See* 6 FED. PRAC. & PROC. CIV. § 1480 (3d ed.) (explaining that a Rule 15(a)(1) amendment is confined to a "limited time period following commencement of the action," and, "[w]hen this time period expires ... [Rule 15(a)(1)] no longer applies and an amendment falls under Rule 15(a)(2)"); 3 MOORE'S FEDERAL PRACTICE - CIVIL § 15.10 (2025) (explaining that "[t]he right to amend pleadings 'as a matter of course' exists only for a limited time," and "[a]fter the time allowed for amendments 'as a matter of course' expires, a party may amend only with leave of court or the written consent of the opposing party").

A contrary rule would allow "a plaintiff to circumvent Rule 15(a)(2)'s safe-guarding function to the point of absurdity," driving "unnecessary costs and delays and substantial prejudice to defendants." *Savignac*, 341 F.R.D. at 124; *Davis v. Sedgwick Claims Mgmt. Servs. Inc.*, 2023 WL 6150009, at \*12 (S.D.N.Y. Aug. 30, 2023) (rejecting "the notion that Rule 15(a)(1) furnishes a plaintiff with a potentially inexhaustible right to amend 'as a matter of course' that, like an ace

8

in the hole, she can keep in reserve during multiple amendment cycles until the Court is unwilling to grant her any more opportunities to plead a cognizable claim"), *report and recommendation adopted*, 2023 WL 6141170 (S.D.N.Y. Sept. 20, 2023).  Plaintiffs' gambit here highlights all of those problems, and the Court should forcefully reject it.

## II.    The Court should strike Plaintiffs' improper TAC and hold Plaintiffs to their agreed opposition deadline.

Because the proposed TAC does not qualify as a Rule 15(a)(1) "matter of course" amendment, and because Plaintiffs did not seek or secure leave of court (or Defendants' permission) to file the proposed TAC in the midst of motion-to-dismiss briefing under Rule 15(a)(2), the Court should do as other courts routinely have done and strike the improper TAC. *See, e.g.*, *Morris v. ARTA Travel*, 2023 WL 8285022, at *2 (N.D. Tex. Nov. 30, 2023) ("Because Morris failed to comply with Rule 15's procedural requirements, the court strikes her second amended complaint."); *Rodgers v. City of Dallas*, 2016 WL 11472631, at *1 (N.D. Tex. Feb. 18, 2016) (Godbey, J.) (striking complaint when plaintiff "nevertheless filed his pleading without consent and without leave" in violation of Rule 15(a)); *Savignac*, 341 F.R.D. at 127 ("Plaintiffs were required to seek Defendants' written consent or the Court's leave before filing their Third Amended Complaint. Because they did not do so, the Court will grant Defendants' motion to strike."); *Two/Goode Bay*, 2023 WL 142791, at *2 ("[B]ecause the Court finds that the right to file an amended complaint as a matter of course permanently expires 21 days after the first Motion to Dismiss, and because the SAC was filed well after that deadline, the Court strikes the SAC."). The SAC would therefore remain as the operative complaint.  *Morris*, 2023 WL 8285022, at *2 (striking second amended complaint, leaving the "first amended complaint [a]s the effective complaint" for purposes of resolving motion to dismiss).

Expeditiously granting such relief here is not just proper but necessary to avoid the

procedural gamesmanship that Plaintiffs' proposed TAC portends. While Defendants believe the TAC is a procedurally improper nullity—including for purposes of whether the Defendants have an obligation to separately respond to it within 14 days (by October 20, 2025) under Rule 15(a)(3)—the very existence of the TAC and lack of certainty regarding theoretical and conflicting response deadlines risks prejudicing Defendants. And Plaintiffs' untimely filing of the TAC appears purposefully designed to disrupt the parties' agreed briefing schedule and grant Plaintiffs a *de facto* extension of their November 14, 2025 deadline to respond to Defendants' pending motion to dismiss. None of that is proper—and the Court can avoid each of those problems by promptly striking Plaintiffs' purported TAC, holding Plaintiffs to the parties' existing briefing schedule for Defendants' motion to dismiss the SAC, and only permitting Plaintiffs to seek leave to file a TAC in connection with their motion to dismiss opposition.

### CONCLUSION

Defendants respectfully request that the Court strike the proposed TAC and confirm that (a) the TAC is a nullity, and the SAC remains the operative complaint; (b) Defendants have no obligation to respond to the TAC by October 20, 2025 (or any other date); (c) consequently Plaintiffs' deadline to respond to Defendants' motion to dismiss the SAC remains November 14, 2025; and (d) any motions for leave to file a TAC should be filed in connection with Plaintiffs' motion to dismiss opposition brief.

Respectfully Submitted,

**BAKER BOTTS L.L.P.**

*/s/ Amy Hefley*
Amy Hefley
Kirstie Wallace
910 Louisiana Street
Houston, Texas 77002
Telephone: (713) 229-1270

10

amy.hefley@bakerbotts.com
kirstie.wallace@bakerbotts.com

John B. Lawrence
2001 Ross Avenue, Suite 900
Dallas, Texas 75201
Telephone: (214) 953-6500
Facsimile: (214) 661-6503
john.lawrence@bakerbotts.com

James J. Beha II (admitted *pro hac vice*)
30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 408-2500
Facsimile: (212) 408-2501
jim.beha@bakerbotts.com

*Counsel for Defendants*

## CERTIFICATE OF CONFERENCE

On October 9, 2025, counsel for Defendants conferred with counsel for Plaintiffs regarding the relief sought in this motion. As reflected in the parties' correspondence attached as Exhibit B to this motion, Plaintiffs have advised that they oppose the requested relief.

*/s/ Amy Hefley*
Amy Hefley

11