## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| IN RE AT&T INC. SECURITIES LITIGATION | Case No. No. 3:24-cv-01196-N<br><br>CLASS ACTION |

## MOTION TO SET BRIEFING SCHEDULE ON EMERGENCY
## MOTION TO STRIKE THE THIRD AMENDED CLASS ACTION COMPLAINT

Plaintiffs respectfully request that the Court set a standard briefing schedule to address the purported "emergency" Motion to Strike Third Amended Complaint (the "Motion to Strike") filed late last night by Defendants.  [Dkt. 97.]

On October 6, 2025, Plaintiffs filed a Third Amended Complaint ("TAC") as permitted by Rule 15(a)(1)(B), and confirmed by ample case law, after securing new evidence since the filing of the Second Amended Complaint ("SAC") in July 2025, which conclusively remedies the perceived deficiencies raised in Defendants' recent motion to dismiss (the "Motion to Dismiss") and dispels any remaining doubt that Plaintiffs adequately state valid claims for securities fraud.

In their Motion to Strike, Defendants call upon this Court to act "on an emergency basis" to forestall the need to respond to the TAC and enforce the deadline to respond to their pending Motion to Dismiss.  But there is simply no emergency requiring urgent action by the Court:  as Defendants know, the Court can simply stay the deadlines to respond to the TAC and Motion to Dismiss pending resolution of the Motion to Strike, which will provide clarity on the operative pleading for all parties.

Furthermore, the purported "emergency" is entirety of Defendants own making.  Plaintiffs contacted Defendants the day after confirming new information that served as the initial basis for their plan to amend—indeed, before Plaintiffs even put pen to paper—to obviate the need to file the Motion to Dismiss and, instead, focus on the permissibility of the TAC.  Defendants refused. Yesterday, Plaintiffs also offered to "submit a stipulation staying all deadlines pending resolution of the motion to strike to protect both sides until . . . we have clarity on the operative pleading" and, thus, avoid burdening the Court with an emergency motion.  Defendants refused again.

While Defendants accuse Plaintiffs of engaging in "gamesmanship," Defendants now rely on these very matters to claim there is an "emergency."  Worse still, they articulate no prejudice that will befall them if the parties proceed on a standard briefing schedule other than the fact that

Plaintiffs will receive "additional time to respond" to the Motion to Dismiss.  However, Plaintiffs already had 60 days to prepare a response and, additionally, commit to cease all further work on the response to the Motion to Dismiss pending the resolution of the Motion to Strike.  Moreover, Defendants ignore that they gain the reciprocal benefit of "additional time to respond" to the TAC.

In contrast, expedited briefing on the Motion to Strike will only serve to prejudice Plaintiffs, who will be forced to respond to a motion riddled with mischaracterizations of law in mere days— for no apparent reason—when Defendants had nearly a month to prepare it.

In sum, Defendants have manufactured a false "emergency" to gain an inequitable tactical advantage on their meritless Motion to Strike by depriving the Court of vigorous advocacy from both sides.  The Motion to Strike should be briefed on a standard briefing schedule.

**RELEVANT BACKGROUND**

With leave of Court, Plaintiffs filed their Second Amended Complaint  ("SAC") on July 16, 2025. [Dkt. 91.]  Pursuant to a stipulated briefing schedule, on September 15, 2025, Defendants filed a motion to dismiss the SAC (the "Motion to Dismiss") under Rule 12(b).  [Dkt. 95.]  After carefully considering the arguments raised therein, and weighing new information uncovered after the SAC was filed, Plaintiffs elected to amend the SAC to cure the perceived deficiencies and dispel any remaining doubt that Plaintiffs adequately plead viable claims for securities fraud.

Plaintiffs filed the TAC on October 6, 2025, *i.e.*, 21 days after service of the Motion to Dismiss.  [Dkt. 96.]  As the redline attached thereto makes clear, Plaintiffs filed the amendment pursuant to Rule 15(a)(1)(b) [Dkt. 96-1 at 1], which expressly permits the pleading party to amend "once as a matter of course," *i.e.*, without the need to secure leave, "21 days after service of a motion under Rule 12(b)." Fed. R. Civ. P. 15(a)(1)(B).  Plaintiffs only did so after conducting extensive research to confirm that this was procedurally proper.  D'Aloia Decl. ¶ 6.

Late last night, Defendants filed their Motion to Strike the TAC.  Among other things, the

Motion to Strike calls upon this Court to act on "an emergency basis" to avoid any need to respond to the TAC and enforce the deadline to respond to the Motion to Dismiss the SAC. Despite representing a thinly-veiled request for expedited briefing, the Motion to Strike contained no proposed briefing schedule. This motion seeks to clarify that matter for all involved.

## ARGUMENT

Plaintiffs will respond to the substance of the Motion Strike—which fundamentally misstates settled law—in due course on the schedule set by the Court. For present purposes, however, there is simply no emergency requiring expedited briefing or immediate attention by the Court.

An "emergency" is "[a] sudden and serious event or an unforeseen change in circumstances that calls for immediate action to avert, control, or remedy harm." BLACK'S LAW DICTIONARY 660 (11th ed. 2019). As such, "designating a motion as an 'emergency'" should be reserved for "motions that the court must immediately address to avoid imminent and irreparable harm to a party." *Hill v. Schilling*, 2014 WL 12717234, at *3 (N.D. Tex. Apr. 17, 2014). As another court in this Circuit recognized: "Whenever someone files an 'emergency' motion the Court drops whatever it is working on to give the motion its full attention. Presumably, opposing counsel does the same thing." *Castaneda v. Empath, LLC*, 2019 WL 2904311, at *4 n.2 (M.D. La. July 5, 2019) (quoting *Privitera v. Amber Hill Farm, L.L.C.*, 2012 WL 1900559, at *2 (M.D. Fla. May 24, 2012)).

Here, there is no need for emergency action. The Court can simply stay the deadlines to respond to Defendants' Motion to Dismiss and Plaintiffs' TAC pending resolution of the Motion to Strike, at which point all involved will have clarity on the operative pleading. Accordingly, there is no emergency or exigent circumstances requiring expedited briefing or the diversion of judicial resources. *See Polymer80, Inc. v. Garland*, 2023 WL 11955673, at *2 (N.D. Tex. Mar. 12, 2023) ("[T]he Court sees no reason to expedite this non-emergency venue motion and place it ahead of the many other motions and cases currently pending before this Court.").

Compounding matters, the purported "emergency" is entirely of Defendants own making. Plaintiffs learned new information on August 28, 2025, which was corroborated through another source on September 9, 2025, and, together, provided the initial good faith basis to amend. D'Aloia Decl. ¶ 4. Plaintiffs proactively contacted Defendants the following day, September 10, 2025, to discuss the matter. *Id.* ¶ 5. Counsel held a call the following day during which Plaintiffs' counsel suggested entering a stipulated schedule for the TAC to (1) obviate the need to file Defendants' forthcoming Motion to Dismiss and (2) avoid burdening the Court with unnecessary motion practice. *Id.* Thus, Defendants could have avoided a Motion to Dismiss and, instead, briefed the propriety of the TAC. They chose not to do so. In subsequent correspondence, Plaintiffs refused. Ex. A.[1]

In fact, Defendants doubled down on the fabricated emergency before filing the Motion to Strike. During the meet and confer process, Plaintiffs' counsel offered to stay *all* deadlines pending the resolution of the Motion to Strike "to protect both sides until . . . we have clarity on the operative pleading." Ex. B. Remarkably, Defendants only accepted the offer to stay deadlines to stay the deadline to file the TAC, not the Motion to Dismiss the SAC. *Id.* After being reminded of their obligation under *Dondi* to narrow the issues requiring Court intervention, much less emergency relief, Defendants' counsel advised that they would "leave it to the Court" to decide. *Id.*

This too counsels against expedited proceedings. *See In re Vallareal*, 160 B.R. 786, 787 (Bankr. W.D. Tex. 1993) (request for "expedited relief" not warranted when the emergency is "one of the movant's own making"); *see also Bridges v. Freese*, 2014 WL 5488792, at *3 (S.D. Miss. Oct. 29, 2014) ("The Court will not assume the burden of refereeing an issue that could easily be resolved without Court intervention if counsel were inclined to cooperate").

---

[1] While Defendants submitted part of that correspondence with their Motion to Strike, they cut off the response from Plaintiffs' counsel which made clear "I brought this information to you in good faith as promptly as possible – indeed, before the proposed amendment has even been finalized – and offered in my previous message to give you a high-level summary" but understood that "Defendants are unwilling to be cooperative on the issue." Ex. A.

Defendants also accuse Plaintiffs of engaging in "gamesmanship" to gain "a *de facto* extension of their November 14, 2025 deadline to respond to Defendants' pending motion to dismiss." But merely exercising a right to amend as a matter of course—especially in response to identified defects—can hardly be characterized as "gamesmanship," much less one designed to extend the briefing schedule on the superseded pleading. More fundamentally, Plaintiffs gain no advantage, and Defendants suffer no harm, if the Motion to Dismiss is held in abeyance pending the Motion to Strike. Plaintiffs already had 60 days to respond and, since they are represented by experienced securities class action litigators, additional time is unlikely to meaningfully impact the content of their brief. Further, Plaintiffs represent to the Court that they will cease all further work on their response to the Motion to Dismiss until the Motion to Strike is decided. Finally, Defendants overlook that they also gain the benefit of additional time to respond to the TAC.

Unlike the above, expedited briefing will severely prejudice Plaintiffs and the large class of investors they represent. Defendants' Motion to Strike is riddled with inaccuracies and mischaracterizations of law that require adequate time to fully address so the Court may make a well-informed decision. If anything, the purported "emergency" manufactured by Defendants appears to be designed solely to deprive Plaintiffs of the ability to meaningfully respond and, thus, ensure a one-sided Motion to Strike.

Simply put, the Court should not countenance Defendants' attempt to saddle the parties and the Court with expedited proceedings when there is no emergency and a non-prejudicial alternative is available.

**CONCLUSION**

For the foregoing reasons, the Court should stay the deadline for any response to Defendants' Motion to Dismiss or Plaintiffs' TAC and order that briefing on Defendants' Motion to Strike is subject to the standard deadlines set forth in Local Rule 7.1.

- 5 -

Dated:  October 10, 2025

POMERANTZ LLP

*/s/ Jeremy A. Lieberman*
Jeremy A. Lieberman
Justin D. D'Aloia
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
jdaloia@pomlaw.com

*Counsel for Plaintiffs and Lead Counsel for the Class*

Respectfully submitted,

THE BRISCOE LAW FIRM

*/s/ Willie C. Brisco*
Willie C. Briscoe
12700 Park Central Drive, Suite 520
Dallas, Texas  75251
Telephone: (972) 521-6868
Facsimile: (281) 254-7789
wbriscoe@thebriscoelawfirm.com

*Local Counsel for Plaintiffs*

## CERTIFICATE OF CONFERENCE

On October 9, 2023, counsel for Plaintiffs conferred with counsel for Defendants regarding the relief sought in this motion.  As reflected in the parties' correspondence attached as Exhibit B to this motion, Defendants have advised that they oppose the requested relief.

*/s/ Justin D. D'Aloia*
Justin D. D'Aloia