**From:** Justin D'Aloia
**Sent:** Thursday, October 9, 2025 8:41 PM
**To:** 'Hefley, Amy' <amy.hefley@bakerbotts.com>
**Subject:** RE: AT&T

Understood.  We reserve all rights, including the right to bring this to the Court's attention.

Justin D. D'Aloia
**POMERANTZLLP**
600 Third Avenue, 20th Floor
New York, New York  10016
jdaloia@pomlaw.com
Tel: 646-581-9948
Fax:  646-607-2426


**From:** Hefley, Amy <amy.hefley@bakerbotts.com>
**Sent:** Thursday, October 9, 2025 8:39 PM
**To:** Justin D'Aloia <jdaloia@pomlaw.com>
**Subject:** RE: AT&T

Justin, we disagree and will leave it to the Court to decide on what timing it wishes to address the motion to strike.

-Amy

**Amy Hefley**
amy.hefley@bakerbotts.com
T +1.713.229.1270
M +1.832.494.8929

**From:** Justin D'Aloia <jdaloia@pomlaw.com>
**Sent:** Thursday, October 9, 2025 6:55 PM
**To:** Hefley, Amy <amy.hefley@bakerbotts.com>
**Subject:** Re: AT&T

**[EXTERNAL EMAIL]**

Amy, as you know, the court has not yet deemed it a nullity. It is inappropriate to treat it as such and thereby demand emergency relief from the court when another option is available. I remind you of your obligations under Dondi to narrow the issues requiring court intervention, much less emergency intervention, as part of the meet and confer process. We have proposed a stipulated alternative that does not require emergency action by the parties or the court.

**From:** Hefley, Amy <amy.hefley@bakerbotts.com>
**Sent:** Thursday, October 9, 2025 7:49 PM
**To:** Justin D'Aloia <jdaloia@pomlaw.com>
**Subject:** RE: AT&T

Justin, we disagree that your deadline should be stayed. That's the whole point – the TAC should be deemed a nullity, leaving intact the current briefing schedule on the motion to dismiss the operative SAC.

**Amy Hefley**
amy.hefley@bakerbotts.com
T +1.713.229.1270
M +1.832.494.8929

**From:** Justin D'Aloia <jdaloia@pomlaw.com>
**Sent:** Thursday, October 9, 2025 6:22 PM
**To:** Hefley, Amy <amy.hefley@bakerbotts.com>
**Subject:** Re: AT&T

**[EXTERNAL EMAIL]**

Thanks Amy, that works. Given the parties agreement, we think it would be appropriate to submit a stipulation staying any deadlines pending the resolution of the motion to strike to protect both sides until, as you note, we have clarity on the operative pleading.

**From:** Hefley, Amy <amy.hefley@bakerbotts.com>
**Sent:** Thursday, October 9, 2025 7:00 PM
**To:** Justin D'Aloia <jdaloia@pomlaw.com>
**Subject:** RE: AT&T

Justin, we disagree that we should be under any response deadline given that your TAC was filed without leave and should be considered a nullity, but we appreciate your offer to make clear that the parties agree that any putative response deadline should be abated pending resolution of the motion to strike we are filing tonight. We will note that in our motion to strike, in addition to noting that you're opposed to the motion to strike. And we will let the court decide whether it wants to expedite the motion to strike so we have clarity on the deadlines.

-Amy

**Amy Hefley**
amy.hefley@bakerbotts.com
T +1.713.229.1270
M +1.832.494.8929

**From:** Justin D'Aloia <jdaloia@pomlaw.com>
**Sent:** Thursday, October 9, 2025 4:53 PM
**To:** Hefley, Amy <amy.hefley@bakerbotts.com>
**Subject:** Re: AT&T

**[EXTERNAL EMAIL]**

Amy, one other point to flag in light of your response below. You've never asked us if we would be willing to stay the deadline for a responsive pleading to the TAC in order to narrow the issues for the court. We would be open to such a request in the event Defendants plan to move forward with a motion to strike.

**From:** Justin D'Aloia <jdaloia@pomlaw.com>
**Sent:** Thursday, October 9, 2025 5:44 PM
**To:** Hefley, Amy <amy.hefley@bakerbotts.com>
**Subject:** Re: AT&T

Amy, I did not indicate that you may mark us as opposed. To state the obvious, the pending MTD can be stayed or held in abeyance while the parties brief your forthcoming motion to strike. Please provide your legal basis for doing so - not just your factual basis - so we may assess your request. Thank you, Justin.

**From:** Hefley, Amy <amy.hefley@bakerbotts.com>
**Sent:** Thursday, October 9, 2025 5:40 PM
**To:** Justin D'Aloia <jdaloia@pomlaw.com>
**Subject:** Re: AT&T

Justin, thank you for the response. I'll mark you as opposed. Our ground for seeking expedited relief is the putative responsive pleading deadline your pleading purports to create for us. We understand the Judge will let the parties know if he wants expedited briefing.

-Amy

On Oct 9, 2025, at 4:25 PM, Justin D'Aloia <jdaloia@pomlaw.com> wrote:

**[EXTERNAL EMAIL]**

Amy,

I'm traveling at the moment. We obviously disagree that plaintiffs were not permitted to file the TAC as a matter of course and, therefore, that defendants have any valid basis to strike it. However, we can't respond to the balance of your request because you have not provided the legal grounds for seeking emergency relief. In addition please advise if you any of the relief you are requesting includes an expedited briefing schedule and if so the proposed schedule.

Thanks,
Justin

---

**From:** Hefley, Amy <amy.hefley@bakerbotts.com>
**Sent:** Thursday, October 9, 2025 1:59 PM
**To:** Justin D'Aloia <jdaloia@pomlaw.com>
**Subject:** AT&T

Justin,

We will be filing today an emergency motion to strike plaintiffs' third amended complaint (which plaintiffs were not permitted to file because Rule 15(a)(1)(B) does not apply given plaintiffs' multiple prior complaints and our prior MTD) and to enforce the current briefing schedule. I assume plaintiffs are opposed but can you please confirm for purposes of our certificate of conference?

Thank you,
Amy

**Amy Hefley**
*Partner*

Baker Botts L.L.P.
amy.hefley@bakerbotts.com
T +1.713.229.1270
M +1.832.494.8929
910 Louisiana St.
Houston, TX 77002



    

**Confidentiality Notice:**

The information contained in this email and any attachments is intended only for the recipient[s] listed above and may be privileged and confidential. Any dissemination, copying, or use of or reliance upon such information by or to anyone other than the recipient[s] listed above is prohibited. If you have received this message in error, please notify the sender immediately at the email address above and destroy any and all copies of this message.