**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

|  |  |
|---|---|
| IN RE AT&T INC. SECURITIES LITIGATION | Case No. 3:24-cv-01196-N |

**DEFENDANTS' RESPONSE TO MOTION TO SET BRIEFING SCHEDULE ON THEIR
EMERGENCY MOTION TO STRIKE THE THIRD AMENDED COMPLAINT**

Plaintiffs' motion (Dkt. 98) lays bare the strategy underlying their improperly filed Third Amended Complaint ("TAC")—delay.  Rather than seeking leave to file the TAC as part of their motion-to-dismiss opposition, Plaintiffs now ask the Court to indefinitely suspend the agreed motion-to-dismiss briefing schedule—including their November 14 opposition deadline.  The Court should not countenance that gamesmanship.  To be clear, Defendants do not object to briefing the motion to strike on a normal schedule as long as the Court stays Defendants' responsive pleading deadline (relief Plaintiffs don't oppose)—Defendants object to permitting Plaintiffs to use their unauthorized TAC to derail the agreed, Court-ordered briefing schedule on Defendants' motion to dismiss.

Plaintiffs say they "conduct[ed] extensive research to confirm that [filing an amended complaint under Rule 15(a)] was procedurally proper." Dkt. 98 at 2.  Yet they fail to cite a single case that authorizes filing an amended complaint as of right under Rule 15(a) even after filing an amended complaint (with leave) after a successful motion to dismiss.

And for good reason—the controlling authorities from the Fifth Circuit and this Court are clear that once means once, and after that, leave is required.  *See Elliott v. Foufas*, 867 F.2d 877, 882–83 (5th Cir. 1989) (because a non-voluntary amendment is "an amendment within the terms of Rule 15(a)," "[a]ny further amendment … could only be by leave of the court"); *Simon v. GM Fin.*, 2025 WL 2689917, at *1 (N.D. Tex. Sept. 19, 2025) (holding that under Rule 15(a)(1), "a plaintiff may amend her complaint only 'once as a matter of course'" and "*[o]nce means once*") (emphasis added); *see also Rodgers v. City of Dallas*, 2016 WL 11472631, at *1 (N.D. Tex. Feb. 18, 2016) (Godbey, J.) (striking complaint when plaintiff "filed his pleading without consent and without leave" in violation of Rule 15(a)).

Regardless, Plaintiffs do not dispute that Defendants need this Court to, at a minimum, stay

1

the imminent, October 20 putative deadline to respond to the TAC.  Dkt. 98 at 1 (acknowledging

Defendants' need to "forestall the need to respond to the TAC").  That is precisely why Defendants

moved on an emergency basis—Plaintiffs' unauthorized TAC necessitates that this Court issue a

ruling well **before the putative October 20 deadline** to avoid unnecessary and burdensome work.

Defendants' refusal to bless Plaintiffs' improper filing does not transform the situation into a

problem "of Defendants own making."  *Id.* at 4.

1.        Plaintiffs' attempted blame shifting (*id.* at 1, 4) has things exactly backward.

Plaintiffs never suggested that the parties "focus on the permissibility of the TAC" or agree to a

stipulated schedule to allow Defendants to "brief[] the propriety of the TAC," *see id.*, when they

approached Defendants for the first time on the business day before Defendants' motion to dismiss

was due.  Ex. A.  That argument is baffling—why Plaintiffs would suggest that the parties brief

the propriety of a TAC if Plaintiffs genuinely believed they had an unqualified right to amend goes

unexplained.  Nor did they offer a draft of the proposed TAC.  *Id.*

2.        As their current motion makes clear, what Plaintiffs really want is to ignore their

SAC.  But if they needed more time to amend, they should have asked for it back in July.  And if

they really think their TAC can address the numerous defects still present in their SAC, they are

welcome to seek leave to amend as alternative relief in their motion to dismiss opposition.  But

what they can't do is rely on a procedurally improper filing to indefinitely delay resolution of that

motion to dismiss, while simultaneously seeking to smuggle in yet another amended complaint.

3.        Despite "conducting extensive research" that purportedly uncovered "ample case

law" "confirm[ing] that [the TAC] was procedurally proper," Plaintiffs still haven't marshaled a

single case.  Dkt. 98 at 1–2.  That absence is particularly striking compared to the ample authority

laid out in Defendants' motion to strike.  *See* Dkt. 97 at 6–8.  If Plaintiffs have the support, they

should provide it to the Court, so the motion to strike can be promptly resolved.

That said, Defendants do not object to giving Plaintiffs the next two weeks to try to identify some support for their procedurally improper filing—so long as the Court stays Defendants' responsive pleading deadline, so that Defendants do not also have to move to dismiss the facially invalid TAC. Plaintiffs do not oppose that relief.

**4.**        What Defendants *do* oppose is derailing the agreed schedule for resolving their pending motion to dismiss—including Plaintiffs' November 14 response deadline. Plaintiffs insist they are "experienced securities class action litigators" who admittedly "already had 60 days to respond" to Defendants' pending motion to dismiss. Dkt. 98 at 5. There is no reason why they cannot *both* respond to the motion to strike on October 30 *and* respond to the motion to dismiss by the November 14 deadline that has been in place for months.

If Plaintiffs choose to follow the well-trodden path of seeking leave to file the TAC as part of their opposition to the motion to dismiss—rather than their current, improper Rule 15(a) approach—Defendants will explain in response that the TAC adds nothing, confirms further amendment is futile, and compels dismissing this case with prejudice. But Plaintiffs should not be permitted to amend "as of right" and avoid the pending motion to dismiss, as that would force Defendants to restart briefing—causing unnecessary delay and expense—after Plaintiffs already had multiple opportunities to state a viable claim.

*        *        *

For these reasons, Defendants respectfully request that the Court, as soon as possible, (1) grant Defendants' motion to strike the unauthorized TAC or stay Defendants' putative October 20 deadline to respond to it, and (2) enforce Plaintiffs' obligation to meet the long-standing November 14 deadline to oppose Defendants' pending motion to dismiss. Defendants further

3

request any additional relief to which this Court deems them entitled.

<div style="margin-left: 50%;">

Respectfully Submitted,

**BAKER BOTTS L.L.P.**

*/s/ Amy Hefley*
Amy Hefley
Kirstie Wallace
910 Louisiana Street
Houston, Texas 77002
Telephone: (713) 229-1270
amy.hefley@bakerbotts.com
kirstie.wallace@bakerbotts.com

John B. Lawrence
2001 Ross Avenue, Suite 900
Dallas, Texas 75201
Telephone: (214) 953-6500
Facsimile: (214) 661-6503
john.lawrence@bakerbotts.com

James J. Beha II (admitted *pro hac vice*)
30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 408-2500
Facsimile: (212) 408-2501
jim.beha@bakerbotts.com

*Counsel for Defendants*

</div>