**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

|  |  |
|---|---|
| IN RE AT&T INC. SECURITIES LITIGATION | Case No. No. 3:24-cv-01196-N <br><br> CLASS ACTION |

**PLAINTIFFS' REPLY IN FURHTER SUPPORT OF
MOTION TO SET BRIEFING SCHEDULE ON EMERGENCY
MOTION TO STRIKE THE THIRD AMENDED CLASS ACTION COMPLAINT**

Defendants' responsive brief [Dkt. 99] (the "Opposition") confirms that Defendants do not oppose briefing their recently-filed Motion to Strike on a "normal schedule" and, thus, there is no emergency requiring the Court's urgent attention. Opp. 1.[1] Indeed, the only stated justification offered by Defendants for bringing their Motion to Strike on an "emergency" basis is the upcoming deadline to respond to the TAC. *Id.* 1-2. But as Defendants concede, Plaintiffs already *agreed* to provide that relief in the interest of mutual cooperation. *See* Ex. B.

Rather, the Opposition makes plain that the true reason for the apparent "emergency" is that Defendants wish to enforce the existing deadlines for briefing their pending Motion to Dismiss the SAC (Opp. 1, 3) and, thereby, compel Plaintiffs—and the Court—to address the sufficiency of a pleading that may no longer be operative. *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 2014) ("An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts . . . the earlier pleading"); *see also Janvey v. Alguire*, 2010 WL 11614579, at *1 & n.1 (N.D. Tex. Jan. 29, 2010) (Godbey, J.) (a motion to dismiss is "moot" when operative pleading superseded by amended complaint); *Infomart (India), Pvt., Ltd. v. Metrowerks Corp.*, 2005 WL 292433, at *2 (N.D. Tex. Feb. 7, 2005) (Godbey, J.) (filing amended complaint "as of course" in response to motion to dismiss renders the motion "moot"). Indeed, this aspect of the relief sought by Defendants *assumes* that the filing of the TAC was invalid. But the Court has not yet passed on that issue. The proper course is to hold all deadlines respecting the SAC and the TAC in abeyance until the parties have clarity on the operative pleading.

Further, Plaintiffs have properly exercised their right to file the TAC as a matter of course under Rule 15(a)(1)(B). The repeated criticism that the present motion fails to cite a "single case" supporting this view (Opp. 1, 2) is baffling. To state the obvious, the instant motion solely addresses whether there is any need for expedited proceedings (there are none), not the substance of

---

[1] All capitalized terms not defined herein have the meaning set forth in Plaintiffs' opening motion.

Defendants' previously filed Motion to Strike. As Plaintiffs already made clear, they will fully respond to the misguided arguments in the Motion to Strike in due course, which they will now do on or before October 30, 2025, *i.e.*, 21 days from the date it was filed.

More fundamentally, the Opposition fails in the most basic respect to identify any irreparable harm that Defendants will suffer if the remaining deadlines on the Motion to Dismiss are stayed pending the Motion to Strike. Tellingly, Defendants do not respond to Plaintiffs' commitment to cease all further work on their response to the Motion to Dismiss. At most, Defendants appear to be slighted by the fact that they already prepared the Motion to Dismiss. Opp. 3. But that is exactly what is envisaged by Rule 15, which expressly provides that a party may amend its pleading "once as a matter of course no later than . . . 21 days after service of a motion under Rule 12(b)." Fed. R. Civ. P. 15(a)(1)(B). That, however, does not provide the party who prepared the Rule 12(b) motion with license to impose needless burden and expense on other parties and the Court.

Finally, the repeated insinuation that Plaintiffs seek to use the TAC to "delay" and "derail" the agreed-upon briefing schedule for the Motion to Dismiss is unfounded. Opp. 1. Plaintiffs' decision to file the TAC has nothing to do with the Motion to Dismiss but, rather, proceeding with a pleading that presents the best claims possible for the benefit of the Class. Indeed, the TAC does not merely include superficial changes but, rather, substantial new evidentiary grounds supporting the existing claims as well as several new claims against additional parties. That can hardly be described as a pretext for delay. In any event, Plaintiffs stand ready to brief the Motion to Dismiss in the unlikely event the Court determines that the SAC is, in fact, the operative pleading.[2]

---

[2] Defendants also question why Plaintiffs would seek to enter a stipulation regarding the TAC if they believed they had an unquailed right to amend. Opp. 2. The answer is simple: to avoid unnecessary disputes precisely like the one currently before the Court. Plaintiffs continue to believe they had an unqualified right to amend, and will show that they properly exercised it, but Defendants are free to respond to that filing however they choose—be it a motion to dismiss, a motion to strike, or otherwise. Equally flawed in Defendants' corresponding contention that Plaintiffs did not "offer a draft of the proposed TAC." *Id.* There is no need to do so for an amendment as of right and, in any event, Plaintiffs' counsel made clear they brought the matter to Defendants before an amendment was even finalized. Ex. A.

## CONCLUSION

For the foregoing reasons, and all those stated in Plaintiffs' opening motion, the Court should stay the deadline for any response to Defendants' Motion to Dismiss or Plaintiffs' TAC and order that briefing on Defendants' Motion to Strike is subject to the standard deadlines set forth in Local Rule 7.1.


Dated:  October 13, 2025                                  Respectfully submitted,

**POMERANTZ LLP**                                        **THE BRISCOE LAW FIRM**

*/s/ Jeremy A. Lieberman*                                */s/ Willie C. Briscoe*
Jeremy A. Lieberman                                      Willie C. Briscoe
Justin D. D'Aloia                                        12700 Park Central Drive, Suite 520
600 Third Avenue, 20th Floor                             Dallas, Texas  75251
New York, New York 10016                                 Telephone: (972) 521-6868
Telephone: (212) 661-1100                                Facsimile: (281) 254-7789
Facsimile: (917) 463-1044                                wbriscoe@thebriscoelawfirm.com
jalieberman@pomlaw.com
jdaloia@pomlaw.com                                       *Local Counsel for Plaintiffs*

*Counsel for Plaintiffs and Lead Counsel for*
*the Class*