**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

|  |  |
|---|---|
| IN RE AT&T INC. SECURITIES LITIGATION | Case No. No. 3:24-cv-01196-N<br><br>CLASS ACTION |

**APPENDIX IN SUPPORT OF**
**PLAINTIFFS' OPPOSITION TO DEFENDANTS'**
**MOTION TO STRIKE THE THIRD AMENDED CLASS ACTION COMPLAINT**

Court-appointed lead plaintiffs Teachers' Retirement System of the City of New York, the

New York City Employees Retirement System, the New York City Police Pension Fund, the New

York City Fire Department Pension Fund, and the Board of Education Retirement System of the City

of New York (collectively, "Plaintiffs") submit this Appendix in Support of Plaintiffs' Opposition to

Defendants' Motion to Strike the Third Amended Class Action Complaint.

| Exhibit | Description | Pages |
|---|---|---|
| N/A | Declaration of Justin D. D'Aloia | n/a |
| A | Correspondence of counsel with respect to Defendants' request to enter an extended briefing schedule for their forthcoming motion to dismiss the SAC and Plaintiffs' proposed TAC | 1-6 |
| B | Correspondence of counsel with respect to their conferral on Defendants' Emergency Motion to Strike the TAC | 7-11 |
| C | Index of State Court File Documents, as filed in *Simon v. GM Fin., et al.*, No. 3:25-cv-02446-S-BN (N.D. Tex. Sep. 10, 2025) | 12-18 |
| D | Order Striking and Unfiling the Third Amended Complaint and Quashing Summons, as filed in *Felder v. City of Dallas, et al.*, No. 3:23-cv-00437-N-BN (N.D. Tex. Mar. 27, 2023) | 19-21 |
| E | Order and Report and Recommendation as filed in *Levitan v. Patti*, No. 3:09-CV-321-MCR-MD (N.D. Fl. Feb. 22, 2010), and the Order as filed in *Levitan v. Patti*, No. 3:09-CV-321-MCR-MD (N.D. Fl. Mar. 18, 2020) | 22-30 |

Dated:  October 30, 2025

**POMERANTZ LLP**

/s/ *Jeremy A. Lieberman*
Jeremy A. Lieberman
Justin D. D'Aloia
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
jdaloia@pomlaw.com

*Counsel for Plaintiffs and Lead Counsel for the Class*

Respectfully submitted,

**THE BRISCOE LAW FIRM**

/s/ *Willie C. Brisco*
Willie C. Briscoe
12700 Park Central Drive, Suite 520
Dallas, Texas  75251
Telephone: (972) 521-6868
Facsimile: (281) 254-7789
wbriscoe@thebriscoelawfirm.com

*Local Counsel for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

|  |  |
|---|---|
| IN RE AT&T INC. SECURITIES LITIGATION | Case No. 3:24-cv-01196-N<br><br>CLASS ACTION |

**DECLARATION OF JUSTIN D. D'ALOIA**

I, Justin D'Aloia, declare, pursuant to 28 U.S.C. § 1746, as follows:

1.     I am a partner at Pomerantz LLP, counsel for court-appointed lead plaintiffs Teachers' Retirement System of the City of New York, the New York City Employees Retirement System, the New York City Police Pension Fund, the New York City Fire Department Pension Fund, and the Board of Education Retirement System of the City of New York (collectively, "Plaintiffs"), and I am admitted to practice before this Court. I have personal knowledge of the matters set forth herein and, if called upon, would testify thereto.

2.     After the dismissal of the Plaintiffs' First Amended Complaint on June 16, 2025, Plaintiffs began additional investigation into the issues of the case to address deficiencies identified by the Court.

3.     With leave of the Court, Plaintiffs filed their Second Amended Complaint (the "SAC") on July 16, 2025. Mindful of their obligation to absent class members, Plaintiffs continued to investigate the claims after filing the SAC. As of July 21, 2025, Plaintiffs had learned no new facts bearing on their claims beyond what was pled in the SAC.

4.     On August 28, 2025, Plaintiffs learned new information bearing on the deficiencies identified by the Court. On September 9, 2025, the information was corroborated by an additional source. Together, Plaintiffs believed that this provided a good faith basis to amend the SAC.

1

5.      On September 10, 2025, I contacted Defendants' counsel to discuss Plaintiffs plan to amend as a matter of course.  The next day, September 11, 2025, I held a call with Defendants' counsel during which I advised that Plaintiffs planned to exercise the right to amend under Rule 15(a)(1) in response to Defendants' forthcoming motion to dismiss, assuming Defendants planned to argue that the SAC continued to lack facts giving rise to a strong inference of scienter, and suggested entering a stipulated schedule for a further amended complaint to (1) obviate the need for Defendants to file a motion to dismiss; and (2) avoid burdening the Court with unnecessary motion practice.

6.      Between September 15, 2025, and October 6, 2025, Plaintiffs continued to marshal additional facts in direct response to the arguments raised in Defendants motion to dismiss, filed September 15, 2025.

7.      All of the new CW testimony set forth in the TAC was secured by Plaintiffs exclusively between August 28, 2025, to October 6, 2025.  The allegations in the SAC attributed to the individual referred to in the Plaintiffs' Third Amended Complaint ("TAC") as CW24 were contained in an email filed on the public docket in the Lake Tahoe Action by AT&T.  Plaintiffs were unable to secure any nonpublic testimony from CW24 at any time prior to August 28, 2025.

8.      After carefully considering the arguments raised in Defendants' motion to dismiss, and weighing the new information uncovered since August 28, 2025, Plaintiffs decided to amend the SAC to cure the perceived deficiencies and dispel any doubt that Plaintiffs adequately plead claims for securities fraud.

9.      Attached as **Exhibit A** is a true and correct copy of an email exchange reflecting correspondence with respect to Defendants' request to enter an extended briefing schedule for their forthcoming motion to dismiss the SAC and Plaintiffs' proposed TAC.

2

10.     Attached as **Exhibit B** is a true and correct copy of an email exchange reflecting the parties' correspondence with respect to their conferral on Defendants' Emergency Motion to Strike the TAC.

11.     Attached as **Exhibit C** is a true and correct excerpted copy of the Index of State Court File Documents filed in the matter captioned *Simon v. GM Financial*, No. 3:25-cv-02446-S-BN (N.D. Tex.), on September 10, 2025.  Exhibit C has been excerpted due to length.  A complete copy will be provided if requested by the Court.

12.     Attached as **Exhibit D** is a true and correct copy of the Order Striking and Unfiling the Third Amended Complaint and Quashing Summons filed in the matter captioned *Felder v. City of Dallas*, No. 3:23-cv-00437-N-BN (N.D. Tex.), on March 27, 2023.

13.     Attached as **Exhibit E** is a true and correct copy of the Order and Report and Recommendation filed in the matter captioned *Levitan v. Patti*, No. 3:09-CV-321-MCR-MD (N.D. Fl.), on February 22, 2010, and the Order filed in the same matter on March 18, 2020.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 30th day of October, in New York, New York.

*/s/ Justin D. D'Aloia*

Justin D. D'Aloia

3

# EXHIBIT A

1

**From:**        Hefley, Amy <amy.hefley@bakerbotts.com>
**Sent:**        Sunday, September 14, 2025 11:33 AM
**To:**          Justin D'Aloia
**Subject:**     RE: AT&T

We disagree that plaintiffs can amend as of right. Despite your decision to wait until the Friday before our Monday deadline—which has been in place for months—to reach out, we've engaged several times regarding the merits of your request. But still you don't have a proposed third amended complaint to share (and won't commit to its contents). Given these circumstances, we will comply with our Monday deadline and address whatever steps plaintiffs then take in due course.

Best,
Amy

**Amy Hefley**
amy.hefley@bakerbotts.com
T +1.713.229.1270
M +1.832.494.8929

**From:** Justin D'Aloia <jdaloia@pomlaw.com>
**Sent:** Saturday, September 13, 2025 3:33 PM
**To:** Hefley, Amy <amy.hefley@bakerbotts.com>
**Subject:** Re: AT&T

[EXTERNAL EMAIL]

We disagree that an amendment as of right is a belated attempt to amend. I brought this information to you in good faith as promptly as possible - indeed, before the proposed amendment has even been finalized - and offered in my previous message to give you a high-level summary. I understand from your response that Defendants are unwilling to be cooperative on the issue.

Best,
Justin

**From:** Hefley, Amy <amy.hefley@bakerbotts.com>
**Sent:** Saturday, September 13, 2025 12:11 PM
**To:** Justin D'Aloia <jdaloia@pomlaw.com>
**Subject:** RE: AT&T

Justin, given that the first we heard of this was the day before our motion to dismiss deadline and you still aren't able to tell us what new alleged facts you think might enable you to amend, we will file our motion and address your belated attempt to amend again as appropriate.

Best,
-Amy

1

**2**

**Amy Hefley**
amy.hefley@bakerbotts.com
T +1.713.229.1270
M +1.832.494.8929

---

**From:** Justin D'Aloia <jdaloia@pomlaw.com>
**Sent:** Friday, September 12, 2025 6:27 PM
**To:** Hefley, Amy <amy.hefley@bakerbotts.com>
**Subject:** Re: AT&T

**[EXTERNAL EMAIL]**

Thanks for getting back to me. We're not in a position to share a proposed TAC as it's not due today and will likely change before it is but I'm happy to give you a high-level summary by phone of the amendments we plan to make as of today if it would be helpful in evaluating our proposal. If you don't anticipate that doing so will change your plan to proceed with the MTD on Monday then we can table this discussion for now. Either way, thanks for taking the time to speak earlier and considering our request.

Best,
Justin

---

**From:** Hefley, Amy <amy.hefley@bakerbotts.com>
**Sent:** Friday, September 12, 2025 3:55 PM
**To:** Justin D'Aloia <jdaloia@pomlaw.com>
**Subject:** RE: AT&T

Justin,

Following up on your call, because you're not able to share the "additional facts" that plaintiffs would like to add to an amended complaint, we're not in a position to evaluate your proposal. If you'll send us the proposed third amended complaint, we will evaluate it and get back to you with our position. But given our imminent deadline, we plan to proceed with filing our motion to dismiss on Monday.

-Amy

**Amy Hefley**
amy.hefley@bakerbotts.com
T +1.713.229.1270
M +1.832.494.8929

---

**From:** Justin D'Aloia <jdaloia@pomlaw.com>
**Sent:** Thursday, September 11, 2025 8:21 PM
**To:** Hefley, Amy <amy.hefley@bakerbotts.com>
**Subject:** RE: AT&T

**[EXTERNAL EMAIL]**

**3**

Yes, that works - I'll call you then. Thanks.

---

**From:** Hefley, Amy <amy.hefley@bakerbotts.com>
**Sent:** Thursday, September 11, 2025 8:11 PM
**To:** Justin D'Aloia <jdaloia@pomlaw.com>
**Subject:** RE: AT&T

Hi Justin, yes, I'm available tomorrow at 11:30 CT if that works?

-Amy

**Amy Hefley**
amy.hefley@bakerbotts.com
T +1.713.229.1270
M +1.832.494.8929

---

**From:** Justin D'Aloia <jdaloia@pomlaw.com>
**Sent:** Thursday, September 11, 2025 5:26 PM
**To:** Hefley, Amy <amy.hefley@bakerbotts.com>
**Subject:** RE: AT&T

**[EXTERNAL EMAIL]**

Hi Amy,

Hope you have had a nice summer since we last spoke.  Do you have time for a quick call tomorrow?

Justin

Justin D. D'Aloia
**POMERANTZLLP**
600 Third Avenue, 20th Floor
New York, New York  10016
jdaloia@pomlaw.com
Tel: 646-581-9948
Fax:  646-607-2426

---

**From:** Hefley, Amy <amy.hefley@bakerbotts.com>
**Sent:** Monday, July 21, 2025 11:56 AM
**To:** Justin D'Aloia <jdaloia@pomlaw.com>
**Subject:** RE: AT&T

Thanks very much, Justin. We will correct those nits and get it in on file.

-Amy

**Amy Hefley**
amy.hefley@bakerbotts.com
T +1.713.229.1270

3

**4**

M +1.832.494.8929

---

**From:** Justin D'Aloia <jdaloia@pomlaw.com>
**Sent:** Monday, July 21, 2025 10:52 AM
**To:** Hefley, Amy <amy.hefley@bakerbotts.com>
**Subject:** RE: AT&T

**[EXTERNAL EMAIL]**

Amy,

We're good with the proposed schedule.  Attached are a few light nits from our side.  You have our authorization to sign provided there are no further edits. The order looks good to us.

Thanks,
Justin

---

**From:** Hefley, Amy <amy.hefley@bakerbotts.com>
**Sent:** Friday, July 18, 2025 3:57 PM
**To:** Justin D'Aloia <jdaloia@pomlaw.com>
**Subject:** Re: AT&T

Thank you. I really appreciate it.
-Amy


On Jul 18, 2025, at 2:10 PM, Justin D'Aloia <jdaloia@pomlaw.com> wrote:


**[EXTERNAL EMAIL]**

Thank you, Amy.  I'm double-checking and will get back to you as soon as possible.

---

**From:** Hefley, Amy <amy.hefley@bakerbotts.com>
**Sent:** Thursday, July 17, 2025 4:19 PM
**To:** Justin D'Aloia <jdaloia@pomlaw.com>
**Subject:** AT&T

Justin,

Thank you for taking my call this morning. Attached are a draft motion for a briefing schedule and a proposed order mirroring the briefing schedule that I understand was agreed to for the prior motion to dismiss. Please let me know if I have permission to sign and file for plaintiffs.

I really appreciate your professional courtesy and will pass along your condolences to John.

Thank you again,
-Amy

4

**5**

**Amy Hefley**
*Partner*

Baker Botts L.L.P.
amy.hefley@bakerbotts.com
T +1.713.229.1270
M +1.832.494.8929
910 Louisiana St.
Houston, TX 77002



**Confidentiality Notice:**

The information contained in this email and any attachments is intended only for the recipient[s] listed above and may be privileged and confidential. Any dissemination, copying, or use of or reliance upon such information by or to anyone other than the recipient[s] listed above is prohibited. If you have received this message in error, please notify the sender immediately at the email address above and destroy any and all copies of this message.

**6**

# EXHIBIT B

7

| | |
|---|---|
| **From:** | Hefley, Amy <amy.hefley@bakerbotts.com> |
| **Sent:** | Thursday, October 9, 2025 8:39 PM |
| **To:** | Justin D'Aloia |
| **Subject:** | RE: AT&T |

Justin, we disagree and will leave it to the Court to decide on what timing it wishes to address the motion to strike.

-Amy

**Amy Hefley**
amy.hefley@bakerbotts.com
T +1.713.229.1270
M +1.832.494.8929

**From:** Justin D'Aloia <jdaloia@pomlaw.com>
**Sent:** Thursday, October 9, 2025 6:55 PM
**To:** Hefley, Amy <amy.hefley@bakerbotts.com>
**Subject:** Re: AT&T

**[EXTERNAL EMAIL]**

Amy, as you know, the court has not yet deemed it a nullity. It is inappropriate to treat it as such and thereby demand emergency relief from the court when another option is available. I remind you of your obligations under Dondi to narrow the issues requiring court intervention, much less emergency intervention, as part of the meet and confer process. We have proposed a stipulated alternative that does not require emergency action by the parties or the court.

**From:** Hefley, Amy <amy.hefley@bakerbotts.com>
**Sent:** Thursday, October 9, 2025 7:49 PM
**To:** Justin D'Aloia <jdaloia@pomlaw.com>
**Subject:** RE: AT&T

Justin, we disagree that your deadline should be stayed. That's the whole point – the TAC should be deemed a nullity, leaving intact the current briefing schedule on the motion to dismiss the operative SAC.

**Amy Hefley**
amy.hefley@bakerbotts.com
T +1.713.229.1270
M +1.832.494.8929

**From:** Justin D'Aloia <jdaloia@pomlaw.com>
**Sent:** Thursday, October 9, 2025 6:22 PM
**To:** Hefley, Amy <amy.hefley@bakerbotts.com>
**Subject:** Re: AT&T

1

**8**

[EXTERNAL EMAIL]

Thanks Amy, that works. Given the parties agreement, we think it would be appropriate to submit a stipulation staying any deadlines pending the resolution of the motion to strike to protect both sides until, as you note, we have clarity on the operative pleading.

---

**From:** Hefley, Amy <amy.hefley@bakerbotts.com>
**Sent:** Thursday, October 9, 2025 7:00 PM
**To:** Justin D'Aloia <jdaloia@pomlaw.com>
**Subject:** RE: AT&T

Justin, we disagree that we should be under any response deadline given that your TAC was filed without leave and should be considered a nullity, but we appreciate your offer to make clear that the parties agree that any putative response deadline should be abated pending resolution of the motion to strike we are filing tonight. We will note that in our motion to strike, in addition to noting that you're opposed to the motion to strike. And we will let the court decide whether it wants to expedite the motion to strike so we have clarity on the deadlines.

-Amy

**Amy Hefley**
amy.hefley@bakerbotts.com
T +1.713.229.1270
M +1.832.494.8929

---

**From:** Justin D'Aloia <jdaloia@pomlaw.com>
**Sent:** Thursday, October 9, 2025 4:53 PM
**To:** Hefley, Amy <amy.hefley@bakerbotts.com>
**Subject:** Re: AT&T

[EXTERNAL EMAIL]

Amy, one other point to flag in light of your response below. You've never asked us if we would be willing to stay the deadline for a responsive pleading to the TAC in order to narrow the issues for the court. We would be open to such a request in the event Defendants plan to move forward with a motion to strike.

---

**From:** Justin D'Aloia <jdaloia@pomlaw.com>
**Sent:** Thursday, October 9, 2025 5:44 PM
**To:** Hefley, Amy <amy.hefley@bakerbotts.com>
**Subject:** Re: AT&T

Amy, I did not indicate that you may mark us as opposed. To state the obvious, the pending MTD can be stayed or held in abeyance while the parties brief your forthcoming motion to strike. Please provide your legal basis for doing so - not just your factual basis - so we may assess your request. Thank you, Justin.

2

**9**

**From:** Hefley, Amy <amy.hefley@bakerbotts.com>
**Sent:** Thursday, October 9, 2025 5:40 PM
**To:** Justin D'Aloia <jdaloia@pomlaw.com>
**Subject:** Re: AT&T

Justin, thank you for the response. I'll mark you as opposed. Our ground for seeking expedited relief is the putative responsive pleading deadline your pleading purports to create for us. We understand the Judge will let the parties know if he wants expedited briefing.

-Amy

> On Oct 9, 2025, at 4:25 PM, Justin D'Aloia <jdaloia@pomlaw.com> wrote:

**[EXTERNAL EMAIL]**

Amy,

I'm traveling at the moment. We obviously disagree that plaintiffs were not permitted to file the TAC as a matter of course and, therefore, that defendants have any valid basis to strike it. However, we can't respond to the balance of your request because you have not provided the legal grounds for seeking emergency relief. In addition please advise if you any of the relief you are requesting includes an expedited briefing schedule and if so the proposed schedule.

Thanks,
Justin

---

**From:** Hefley, Amy <amy.hefley@bakerbotts.com>
**Sent:** Thursday, October 9, 2025 1:59 PM
**To:** Justin D'Aloia <jdaloia@pomlaw.com>
**Subject:** AT&T

Justin,

We will be filing today an emergency motion to strike plaintiffs' third amended complaint (which plaintiffs were not permitted to file because Rule 15(a)(1)(B) does not apply given plaintiffs' multiple prior complaints and our prior MTD) and to enforce the current briefing schedule. I assume plaintiffs are opposed but can you please confirm for purposes of our certificate of conference?

Thank you,
Amy

**Amy Hefley**
*Partner*

Baker Botts L.L.P.

**10**

amy.hefley@bakerbotts.com
T +1.713.229.1270
M +1.832.494.8929
910 Louisiana St.
Houston, TX 77002



   

## Confidentiality Notice:

The information contained in this email and any attachments is intended only for the recipient[s] listed above and may be privileged and confidential. Any dissemination, copying, or use of or reliance upon such information by or to anyone other than the recipient[s] listed above is prohibited. If you have received this message in error, please notify the sender immediately at the email address above and destroy any and all copies of this message.

# EXHIBIT C

12

# EXHIBIT A

Case No. DC-25-12649
*Recorda Ann Simon v. GMC Financial*
In the 191st Judicial District court of Dallas County, Texas

**EXHIBIT A**
**INDEX OF STATE COURT FILE DOCUMENTS**

A-1     Docket........................................................................................................................

A-2     Plaintiff's Original Petition.................................................................................... 8/6/2025

A-3     Filing Coversheet................................................................................................... 8/6/2025

A-4     Certificate of Trust Schedule H ............................................................................ 8/7/2025

A-5     Plaintiff's Amended Petition ................................................................................. 8/7/2025

A-6     Plaintiff's Request for Service on GM Financial ................................................. 8/11/2025

A-7     Citation to GM Financial ..................................................................................... 8/11/2025

A-8     GM Financial's Original Answer and Affirmative Defenses ................................. 9/4/2025

**14**

# EXHIBIT A-1

## Case Information

DC-25-12649 | RECORDA ANN SIMON vs. GMC FINANCIAL

| | | |
|---|---|---|
| Case Number | Court | Judicial Officer |
| DC-25-12649 | 191st District Court | SLAUGHTER, GENA |
| File Date | Case Type | Case Status |
| 08/06/2025 | CNTR CNSMR COM DEBT | OPEN |

## Party

PLAINTIFF
SIMON, RECORDA ANN

Active Attorneys ▾
  Pro Se

DEFENDANT
GMC FINANCIAL

Active Attorneys ▾
Lead Attorney
STEVENS, GREGG D.
Retained

## Events and Hearings

08/06/2025 NEW CASE FILED (OCA) - CIVIL

08/06/2025 ORIGINAL PETITION ▾

**16**

ORIGINAL PETITION

08/06/2025 AFFIDAVIT INABILITY TO PAY

08/06/2025 CASE FILING COVER SHEET ▾

CASE FILING COVER SHEET

08/07/2025 MISCELLANOUS EVENT ▾

CERTIFICATE OF TRUST - SCHEDULE H

> Comment
> CERTIFICATE OF TRUST - SCHEDULE H

08/07/2025 AMENDED PETITION ▾

AMENDED PETITION-1ST

08/11/2025 ISSUE CITATION ▾

ISSUE CITATION GM FINANCIAL

08/11/2025 REQUEST FOR SERVICE ▾

REQUEST FOR SERVICE

08/12/2025 CITATION ▾

Unserved

Anticipated Server
CERTIFIED MAIL

Anticipated Method
Comment
GM FINANCIAL 9214 8901 0661 5400 0210 2410 22

09/04/2025 ORIGINAL ANSWER - GENERAL DENIAL ▾

ORIG ANS AND AFFIRMATIVE DEFENSES

> Comment
> AND AFFIRMATIVE DEFENSES

**17**

## Financial

SIMON, RECORDA ANN

| | | |
|---|---|---|
| Total Financial Assessment | | $434.00 |
| Total Payments and Credits | | $0.00 |
| 8/6/2025 | Transaction Assessment | $350.00 |
| 8/11/2025 | Transaction Assessment | $84.00 |

## Documents

ORIGINAL PETITION

CASE FILING COVER SHEET

CERTIFICATE OF TRUST - SCHEDULE H

AMENDED PETITION-1ST

REQUEST FOR SERVICE

ISSUE CITATION GM FINANCIAL

ORIG ANS AND AFFIRMATIVE DEFENSES

18

# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

KEVIN FELDER,                          §
                                       §
        Plaintiff,                     §
                                       §
V.                                     §          No. 3:23-cv-437-N-BN
                                       §
CITY OF DALLAS, ET AL.,                §
                                       §
        Defendants.                    §

### ORDER STRIKING AND UNFILING THIRD AMENDED COMPLAINT AND QUASHING SUMMONS

Plaintiff Kevin Felder filed this *pro se* lawsuit against the City of Dallas, its mayor, and members of its city council.

Felder's lawsuit is now referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Chief United States District Judge David C. Godbey. *See* Dkt. No. 9.

Felder first amended his complaint in response to the Court's notice of deficiency. *See* Dkt. Nos. 6, 8. He filed a second amended complaint on March 21, 2023. *See* Dkt. No. 12. And, on March 24, 2023, without obtaining written consent from the defendants or leave of the Court, *see* FED. R. CIV. P. 15(a)(2), Felder filed a third amended complaint [Dkt. No. 16].

Federal Rule of Civil Procedure 15 "gives plaintiffs a temporary right to amend their complaints," and, even after that right expires, Rule 15 "*requires* courts 'freely give leave [to amend] when justice so requires.'" *Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) (citing FED. R. CIV. P. 15(a)(1), then quoting FED. R. CIV. P. 15(a)(2)).

**20**

But a plaintiff may amend his complaint only "once as a matter of course," FED. R. CIV. P. 15(a)(1). "Once means once." *Logue v. Patient First Corp.,* 246 F. Supp. 3d 1124, 1127 (D. Md. 2017).

Felder first amended his complaint to comply with a court order. So this amendment was not made "as a matter of course." FED. R. CIV. P. 15(a)(1); *see Renasant Bank, Inc. v. Smithgall*, No. 1:15-CV-459-WSD, 2016 WL 164311, at *2 (N.D. Ga. Jan. 13, 2016) ("Because the First Amended Complaint was not filed by the Plaintiff as 'a matter of course' but upon the Order of the Court, the Court holds that Plaintiff's court-ordered First Amended Complaint did not qualify as Plaintiff's amendment allowed as a matter of course under Fed. R. Civ. P. 15.").

So the subsequent, March 21 amendment counted as Felder's one amended complaint as a matter of course.

The Court therefore STRIKES the third amended complaint [Dkt. No. 16], filed without first obtaining leave; DIRECTS the Clerk to UNFILE this unauthorized pleading; and QUASHES the summons associated with it issued by the Clerk of Court [Dkt. No. 17].

SO ORDERED.

DATED: March 27, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

- 2 -

**21**

# EXHIBIT E

22

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**


**DANIEL J. LEVITAN, and
PAMELA H. LEVITAN,**


**vs.**                                                    **3:09cv321/MCR/MD**


**MARY ANN PATTI, LLC.
SCENIC VIEW PROPERTIES, LLC
MARY ANN PATTI GUTHRIE,
KEITH GUTHRIE, AND
RAM 2000 CONTRACTORS**

_____

**ORDER and
REPORT AND RECOMMENDATION**

       **This matter is before the court upon motions to dismiss filed by Scenic Properties LLC (doc. 12), Ram 2000 Contractors (doc. 13) and Keith Guthrie, Mary Ann Patti LLC, and Mary Ann Patti Guthrie (doc. 14).  Defendants Keith Guthrie and Mary Ann Patti Guthrie have also filed a copy of a state court order in a related case granting their motion to dismiss the complaint (doc. 35).  Plaintiffs filed a pleading entitled "objection to defendants (sic) motion to dismiss"  (doc. 38), and "Plaintiff's (sic) supplemental motion to plaintiff's (sic) objections to (DE #38) defendant's motion to dismiss (DE #14)" and a memorandum of law in support of their objections to the motion to dismiss.  (Doc. 42 & 43).  Also pending are plaintiffs' motion for temporary restraining order (doc. 51) and a motion for sanctions (doc. 52) to which defendants have responded.  (Doc. 63 & 64).**

**23**

### The Complaint

Plaintiffs Daniel J. Levitan and Pamela H. Levitan ("the Levitans") filed an eleven count first amended complaint against Mary Ann Patti, LLC, Scenic Properties, LLC, Mary Ann Patti Guthrie, Keith Guthrie, Ram 2000 Contractors, Inc. and Clark Partington, Hart & Hart P.A., alleging tortious interference with business; mail fraud and interception of government documents; wire fraud; blackmail, extortion and unjust enrichment; conversion; civil conspiracy; "wire fraud federal litigation;" conversion of real property to defraud creditors; filing fraudulent police reports; fraudulent transferring property in anticipation of filing a bankruptcy proceeding; and racketeer influence corrupt organization.[1]  The amended complaint is in many respects identical to a third party complaint/counterclaim that was removed to this court on January 29, 2009. (Case 3:09cv39/MCR/EMT).  On June 4, 2009, that case was remanded to state court.  The federal court found the removal to have been improper, as it was untimely, not unanimous, and there was no proper basis for federal question jurisdiction since the federal RICO claims were asserted only in the counterclaim.  (Case 3:09cv39/MCR/EMT, doc. 39 & 65).  The case at bar was filed on July 31, 2009.

Plaintiffs Pamela and Daniel Levitan are married, as are defendants Mary Ann Patti Guthrie and Keith Guthrie.  The complaint alleges that Mary Ann Patti and Keith Guthrie executed and delivered a promissory note on or about October 12, 2007 in the favor of the Alan E. Levitan Revocable Trust in the amount of $200,000.00 as part and parcel to the closing transaction of Finnegans Wake Irish Pubs, LLC. (Doc. 10, ¶ 10).  Plaintiff Daniel Levitan is now the holder of said note, of which Patti and Guthrie are in default.  (Doc. 10, ¶¶ 11-12).  Pamela Levitan was previously employed by Mary Ann Patti, LLC, and is the managing member of Finnegans Wake Irish Pubs, LLC and of PME-PAM Restaurants, LLC d/b/a Captain Joey Patti's Seafood

---

[1]The amended complaint was filed to correct "clerical errors." Plaintiffs failed to include the "attachments" to the amended complaint.  As such, they are not considered part of the amended complaint.  See Local Rule 15.1.

Restaurant & Deli.  (Doc. 10, ¶ 14).  Ms. Patti is an attorney who has had an attorney-client relationship with plaintiffs Daniel and Pamela Levitan, as well as Alan E. Levitan, Jane E. Levitan, and John D. Levitan, who are not parties to this action. (Doc. 10, ¶ 15-16).

Plaintiffs allege in the amended complaint that Mary Ann Patti approached John Levitan to gain part ownership in a national telephone network company that was owned by his family.  (Doc. 10 ¶ 25).  Patti was to have provided some legal services in exchange for an ownership interest, but she did not fulfill these duties. She was removed from her association with John Levitan due to a "blackmailing scheme" designed to increase her ownership interest in the company.  (Doc. 10, ¶¶ 26-27).  Plaintiffs allege that Ms. Patti held documents "hostage," converted money placed into her trust account for her personal use, billed for services that she either did not perform or was to have performed in exchange for an ownership interest in the company, and destroyed contracts she received in the mail for various related companies.  (Doc. 10, ¶¶ 28-31).  Ms. Patti introduced plaintiff Daniel Levitan to her aunt, Josie Patti Merritt, owner of Patti & Merritt Enterprises, Inc., and purportedly drafted false letters which showed that Ms. Merritt owed RAM 2000 in excess of $100,000.00.  Plaintiffs further allege that these documents were part of a scheme to bilk money from plaintiffs or other Levitan family members.  (Doc. 10, ¶ 32).

Daniel Levitan worked for Ms. Merritt for six months and Ms. Merritt agreed to allow plaintiffs to expand the Joey Patti's Seafood Restaurant through their "common ownership." (Doc. 10, ¶ 33).  RAM 2000 was to build a Captain Joey's Seafood within 120 days but never completed the project due to failure to manage the project in a professional manner.  (Doc. 10, ¶¶ 34-37).

Around this same time frame, Mary Ann Patti was representing Pamela Levitan and the holding company Finnegans Wake Irish Pubs, LLC in the purchase of a building located at 2100 W. Nine Mile Road.  Ms. Patti also represented the title insurance company on the closing and acted as the attorney for the transaction.  Ms.

Patti pushed for the sale for her own financial gain, and to obtain an ownership interest in Finnegans Wake.  (Doc. 10, ¶¶ 39-40).  She allegedly used deceptive practices to lure people into the transaction and to obtain financing to close the transaction. (Doc. 10, ¶¶ 41-42).  She also filed false police reports alleging that her former employee Pamela Levitan had broken into her office and stolen files, when in fact Ms. Patti had taken the files to create subterfuge against Mrs. Levitan for having left her employ, and she filed false police reports alleging that she had received threatening phone calls from Mr. Levitan. (Doc. 10, ¶ 43-44).

Mary Ann Patti was the registered agent and point of contact for legal matters dealing with Finnegans Irish Wake, and when she received Finnegans' liquor license she held it, diverted and destroyed the license so the company had to request the issuance of a new license.  She also is alleged to have diverted notices from the Department of Revenue for her own personal benefit and vengeance, resulting in the neglect of monthly sales tax reports that were to have been filed. (Doc. 10, ¶¶ 45-47). Then, represented by former defendants Clark, Partington, Hart ("CPH") she filed suit against Finnegans "and used the basis in that lawsuit that the sales taxes were not filed in order to further litigation against Finnegans."  (Doc. 10, ¶ 48).  She allegedly libeled and slandered plaintiffs and Finnegans both verbally and using the internet, used privileged and confidential information gained during her representation of the plaintiffs to support her lawsuit against them, and concocted false statements in her litigation.  (Doc. 10, ¶ ¶ 49-50).  She also obtained privileged banking information from RBC Bank, who is not a defendant in this action, in an attempt to embarrass the plaintiffs.  (Doc. 10, ¶52).  The head of RBC, also not a defendant in this action, shared privileged banking information about Finnegans' real estate with friends to further their financial gain, and RBC "used coercive tactics in order to secure positions of importance with Finnegans for familial relations in order to gain employment at highly inflated rates."  (Doc. 10, ¶¶53-54).

Guthrie and RAM 2000 construction allegedly took funds from PME-PAM, which is not a defendant in this action, and converted the funds to make payroll so "the personal residence" could be completed, at the expense of the plaintiffs in this case. (Doc. 10, ¶ 51).

Finally, Mary Ann Patti allegedly billed for $30,000 worth of legal work that was not performed, and filed a false and fraudulent affidavit of fees in case 3:09cv39/MCR/EMT. (Doc. 10, ¶ 55).

The substantive counts of the complaint, enumerated above, are somewhat confusing, as in the majority of the claims, plaintiffs refer to "defendants" generically, without differentiating between the defendants or specifying which defendant or defendants is alleged to have committed the acts in question. Although it appears from context that the majority of plaintiffs' references to "defendants" refers to actions that logically could only have been taken by the individual defendants, Mary Ann Patti Guthrie and Keith Guthrie, rather than by the "entity" defendants, such lack of specificity presents the potential for unnecessary and improper speculation on the part of the court and the defendants, who must discern exactly what they are accused of having done. This contributes to the deficiencies in the complaint outlined below.

## Legal Standard for Motions to Dismiss

In ruling on a motion to dismiss, plaintiff's well-pled allegations are accepted as true and construed in the light most favorable to him. *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009); *Oxford Asset Managment Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002); *Davis v. Monroe County Bd. Of Educ.*, 120 F.3d 1390, 1393 (11th Cir. 1997). Nonetheless, conclusory allegations, unwarranted deductions of fact, or legal conclusions masquerading as facts will not insulate a complaint from dismissal. *Ashcroft v. Iqbal,* 556 U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); *Oxford Asset Managment Ltd. v. Jaharis*, 297 F.3d 1182, 1188

*Case No: 3:09cv321/MCR/MD*

(11th Cir. 2002); *Sinaltrainal v. Coca-Cola Co.*, 2009 WL 2431463 (11th Cir. 2009). **The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face.  See *Iqbal,* 129 S.Ct. at 1950; *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1968-1969, 1974 (2007) (retiring the "unless it appears beyond doubt that the plaintiff can prove no set of facts" standard).  A complaint is also subject to dismissal under Rule 12(b)(6) when its allegations--on their face--show that an affirmative defense bars recovery on the claim.  *LeFrere v.* Quezada, 582 F.3d 1260, 1263 (11th Cir. 2009); Marsh *v. Butler County, Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001).**

**The Three Pending Motions to Dismiss**

**Defendants Scenic View Properties, Ram 2000 Contractors, Keith Guthrie, Mary Ann Patti LLC and Mary Ann Patti Guthrie all moved to dismiss, and on the same date the plaintiffs moved to voluntarily dismiss defendant Clark, Partington, Hart & Hart, P.A.  (Doc. 15).  The three motions to dismiss are nearly identical.  In each, the moving defendant(s) state(s) that the plaintiffs' complaint should be dismissed due to the absence of diversity jurisdiction.  The moving defendants note that plaintiffs admit in the complaint that all parties are citizens of the state of Florida, and they fail to allege the jurisdictional amount in controversy.  Defendants are correct that there is no diversity jurisdiction in this case, but as that is not the only possible basis for federal jurisdiction, this is not a legitimate basis for dismissal.**

**Defendants also contend that certain counts of the complaint should be dismissed for lack of jurisdiction because no "federal question" is apparent from the face of the complaint.  Defendants assert that the only counts that allege a violation of a specific federal law are count II (mail fraud) and count XI (RICO), and that because the remaining counts either arise under Florida law or fail to cite to any statute that would give notice to the court of the federal civil statute in question,**

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DANIEL J. LEVITAN, and
PAMELA H. LEVITAN,
     Plaintiffs,

vs.                              CASE NO.: 3:09cv321/MCR/MD

MARY ANN PATTI, LLC.
SCENIC VIEW PROPERTIES, LLC
MARY ANN PATTI GUTHRIE,
KEITH GUTHRIE, AND
RAM 2000 CONTRACTORS,
     Defendants.

                                    /

## O R D E R

     This cause comes on for consideration upon the magistrate judge's report and recommendation dated February 22, 2010. The plaintiff has been furnished a copy of the report and recommendation and has been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1), and I have made a <u>de novo</u> determination of those portions to which an objection has been made.

     Having considered the report and recommendation and all objections thereto timely filed, I have determined that the report and recommendation should be adopted.

     Accordingly, it is now ORDERED as follows:

     1.     The magistrate judge's report and recommendation is adopted and incorporated by reference in this order.

     2.     The motion to dismiss of defendant Scenic Properties (doc. 12) is GRANTED.

     3.     The motion to dismiss filed by defendant RAM Contractors, Inc. (doc. 13) is GRANTED.

**29**

4.     The motion to dismiss filed by defendants Keith Guthrie, Mary Ann Patti LLC, Mary Ann Patti Guthrie (doc. 14) is GRANTED.

5.     Said dismissals are without prejudice to the plaintiffs filing, within 28 days of this order, a second amended complaint that corrects the legal deficiencies identified in the magistrate judge's Report and Recommendation of February 22, 2010. Failure to file a second amended complaint will result in the dismissal of this case.

6.     In light of the foregoing, plaintiffs' motion for temporary restraining order (doc. 51) is DENIED without prejudice.

DONE AND ORDERED this 18th day of March, 2010.


s/ *M. Casey Rodgers*

M. CASEY RODGERS
UNITED STATES DISTRICT JUDGE

*Case No: 3:09cv321/MCR/MD*

30