# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

|  |  |
|---|---|
| IN RE AT&T INC. SECURITIES LITIGATION | Case No. 3:24-cv-01196-N |

## REPLY IN SUPPORT OF EMERGENCY MOTION TO STRIKE
## THIRD AMENDED COMPLAINT

## INTRODUCTION

Plaintiffs' opposition confirms the TAC should be stricken. Despite "conducting extensive research," Dkt. 102 at 1, Plaintiffs haven't identified a single in-circuit decision permitting amendment under Rule 15(a)(1) where, as here, the plaintiff had already amended twice, including after losing a motion to dismiss. For good reason. In the Fifth Circuit, once means once: "Any further amendment" can "only be by leave of the court." *Elliott v. Foufas*, 867 F.2d 877, 882–83 (5th Cir. 1989). Plaintiffs neither sought nor obtained leave, so their TAC should be stricken.

Nor is there any reason for this Court to entertain Plaintiffs' belated request for leave. If Plaintiffs seek leave as part of their MTD opposition, Defendants will explain in detail why the TAC is futile and leave should be denied. In short, Plaintiffs' "new" allegations don't cure their fundamentally flawed misrepresentation claims—and repackaging those failed claims as a scheme-liability claim doesn't solve the problem, either.

Plaintiffs' improperly filed TAC should be stricken. Their request for leave to amend should be addressed in conjunction with Defendants' MTD, at which point leave should be denied as futile, and Plaintiffs' claims against Defendants dismissed with prejudice.

## ARGUMENT

**I.    The proposed TAC—filed after two prior amendments and a successful motion to dismiss—was improper and should be stricken.**

The procedural posture here isn't in dispute. The original complaint was filed in July 2023; the FAC was filed a year later, in July 2024; and the SAC was filed a year after that (in July 2025)—after the Court granted Defendants' motion to dismiss the FAC and granted Plaintiffs leave to file a second amended complaint to address the Court's dismissal ruling. Dkts. 1, 64, 90, 91; *see also* Dkt. 102 at 3–5. Defendants timely moved to dismiss the SAC in September 2025; and Plaintiffs filed their TAC without leave or consent in early October. Dkts. 95, 96.

1

**1.**    The rule in the Fifth Circuit is clear: once means once—any "further amendment" can "only be by leave of the court." *Elliott*, 867 F.2d at 882–83; *see Simon v. GM Fin.*, 2025 WL 2689917, at *1 (N.D. Tex. Sept. 19, 2025) ("once means once"); *Reitz v. City of Abilene*, 2018 WL 5634931, at *1 (N.D. Tex. Oct. 31, 2018) ("one opportunity").  Striking an amended complaint filed in violation is the norm—not some "drastic" approach, as Plaintiffs suggest (at 8–9). Plaintiffs' own cases (at 10–11) confirm as much.  *See*, *e.g.*, *Hall v. City of Houston*, 2022 WL 3031306, at *3 (5th Cir. Aug. 1, 2022) (affirming order striking improper subsequent amendment).[1]

Plaintiffs dedicate (at 13–14) only a single sentence to the Fifth Circuit's controlling decision in *Elliott*.  But neither Plaintiffs nor the unpublished Western District of North Carolina decision they cite explains why the 2009 amendment to Rule 15(a), which merely subdivided it, has any bearing on whether multiple amendments are permissible.  That's because no explanation exists.[2]

Plaintiffs' attempt (at 13) to distinguish *Capstead* fares no better.  There, the court held that the amended complaint filed by newly appointed lead plaintiffs *was* their "once as a matter of course" amendment—even though it was "the first one filed by Lead Plaintiffs" and even though it was filed with defendants' consent.  *In re Capstead Mortg. Corp. Sec. Litig.*, 2003 WL 22221320, at *2 (N.D. Tex. Sept. 19, 2003); *see also* Dkt. 80, No. 3:98-cv-1716-L (N.D. Tex. Sept. 13, 2000) (Agreed Order Enlarging Time).  So too here.

None of Plaintiffs' other intra-circuit cases (at 11–13) helps them either.  *Simon* and *Trimble* are irrelevant—both involve leave under Rule 15(a)(2).  *Simon*, 2025 WL 2689917, at *2;

---

[1]    *See also Pfeiffer v. Ajamie PLLC*, 2020 WL 13420830, at *2 (S.D. Tex. Jan. 27, 2020) (denying amendment to complaint under Rule 15 as "without legal effect"); *Iron Oak Techs., LLC v. Dell, Inc.*, 2018 WL 1631396, at *1 (W.D. Tex. Apr. 4, 2018) (striking second amended complaint filed without leave or consent); *Copeland v. D & J Constr. LLC*, 2015 WL 512590, at *4 n.4 (N.D. Tex. Feb. 6, 2015) (Godbey, J.) (Court struck second amended complaint because plaintiff "had already amended once as a matter of course, and he failed to first seek leave of court to amend.").

[2]    Before 2009, Rule 15(a) provided: "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served."  The 2009 amendment modified that scheme by (1) enabling plaintiffs to amend *after* the answer was filed, and (2) requiring post-MTD amendments to be made within 21 days.  No change was made to the "once as a matter of course" language *Elliott* construed.

*Trimble v. La. State Univ. Sys.*, 2022 WL 22858935, at *2 (M.D. La. July 14, 2022). *Metzloff* and *Malone* were both removed from state court. The second amended complaint at issue in each case was the plaintiff's first *federal* amendment, and neither defendant challenged whether the amendment was permissible. *Metzloff v. Royal Trucking Co.*, 473 F. Supp. 3d 700, 703–05 (E.D. Tex. 2020); *Malone v. Blue Cross & Blue Shield of Tex., Inc.*, 2019 WL 4192286, at *1 (N.D. Tex. Sept. 3, 2019); *but see Drake v. Walmart Inc.*, 2020 WL 10866997, at *2 (N.D. Tex. Oct. 19, 2020) ("amendment made in state court prior to a case's removal to federal court counts toward a party's right to amend 'once as a matter of course' under Rule 15(a)(1)").[3]

And *Horton*, *Srinivasan*, *Xi*, and *Felder* all involved prior amendments by *pro se* plaintiffs in response to deficiency orders—a far cry from the situation here, where Plaintiffs have *twice* amended, once voluntarily and the other following the Court's order granting Defendants' motion to dismiss. *See Horton v. Cockrell*, 70 F.3d 397, 399, 402 (5th Cir. 1995) (allowing amendment where prior amendment was ordered under § 1915 and "defendants have not yet even been served with the complaint"); *Srinivasan v. NCH Corp.*, 2023 WL 5350570, at *2 (N.D. Tex. Aug. 21, 2023) (granting leave to amend following amendment required by order and dismissing without prejudice under § 1915(e)); *Xi v. Bes Kessler Park Fund X11 LLC*, 2024 WL 5240153, at *1 (N.D. Tex. Dec. 16, 2024) (initial amendment responsive to "notice of deficiency"—not all *pro se* plaintiffs had signed complaint); *Felder v. City of Dallas*, 2024 WL 758936, at *1 (N.D. Tex. Jan. 22, 2024) (court struck attempted third amended complaint after deficiency-order amendment and amendment as a matter of course).

---

[3]    *See Taylor v. Bailey Tool Mfg. Co.*, 744 F.3d 944, 946 (5th Cir. 2014) (the federal rules "do not provide for retroactive application to the procedural aspects of a case that occurred in state court prior to removal to federal court"); *see also Mehdizadeh v. Starbucks Corp.*, 2024 WL 5440867, at *1 n.1 (E.D. Pa. July 29, 2024) (citing *Taylor* in Rule 15(a)(1) context).

In sum, Plaintiffs have failed to identify a single intra-circuit case that permits them to amend as of right after voluntarily amending once and amending again after losing a motion to dismiss.

2.      Even if this Court were to accept Plaintiffs' invitation to look out of circuit, the relevant authority forecloses their interpretation of Rule 15(a).  Consider the First Circuit's decision in *D'Agostino v. ev3, Inc.*, 802 F.3d 188 (1st Cir. 2016).  There, the plaintiff first "amended [the] complaint as a matter of course," and then amended again with leave of court.  *Id.* at 190.  After defendants moved to dismiss, plaintiff filed another amended complaint—arguing that "his right to amend as a matter of course renewed" when defendants moved to dismiss.  *Id*. at 192.

The First Circuit rejected the plaintiff's "tortured interpretation of Rule 15," which "not only defies common sense but also runs contrary to the historic structure of Rule 15 and to the stated purpose of the 2009 amendments to the Rule."  *Id*. at 193.  And, as the First Circuit made clear:  "the right to amend once as a matter of course [now] terminates 21 days after service of a motion under Rule 12(b)."  *Id.* (alteration in original) (quoting Fed. R. Civ. P. 15 advisory committee's note to 2009 amendment).  The First Circuit ultimately affirmed the denial of leave to amend on futility grounds.  845 F.3d 1 (1st Cir. 2016).

That interpretation—which limits the "right to amend the complaint once as a matter of course" "to the initial stages of a case" (so it "terminates twenty-one days after the first responsive pleading or motion under Rule 12(b), (e), or (f) is served")—is correct:  it is the "most reasonable and best serves the interests of judicial fairness and economy."  *In re AME Church Emp. Ret. Fund Litig.*, 2024 WL 4668163, at *4 (W.D. Tenn. Nov. 4, 2024) (collecting cases).

Plaintiffs' preferred approach, by contrast, would "circumvent Rule 15(a)(2)'s safe-guarding function to the point of absurdity," driving "unnecessary costs and delays and substantial prejudice to defendants."  *Savignac v. Jones Day*, 341 F.R.D. 120, 124 (D.D.C. 2022); *see also*

4

*D'Agostino*, 802 F.3d at 192; 6 Wright & Miller's Federal Practice & Procedure § 1480 (3d ed. 2025) (Rule 15(a)(1) is limited to the "time period following commencement of the action.").

Plaintiffs' Ninth Circuit cases (at 11–13, 15–17)—*Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002 (9th Cir. 2015), and its progeny—don't help them, either.  For one thing, *Ramirez* doesn't go as far as Plaintiffs ask this Court to go.  Ramirez amended once with the defendant's consent, not a second time after full briefing and a decision on the merits (like Plaintiffs here).  *Id.* at 1008; *see Savignac*, 341 F.R.D. at 126 ("the Rule 12 motion [in *Ramirez*] was the first such motion in the case").  And this Court is in the Fifth Circuit, so *Elliott* controls in all events.  *See Shortymacknifisent v. Hunter*, 2022 WL 17546559, at *2 n.3 (D. Minn. Nov. 18, 2022) (comparing *Elliott* and *Ramirez*).

Plaintiffs' fourth attempt to amend in this case—more than two years after the original complaint was filed, more than a year after the first MTD was filed, and four months after that MTD was granted—is improper.  The TAC—filed without seeking leave or receiving consent— should be stricken.

## II.   Plaintiffs' belated request for leave to amend should be denied as untimely, futile, or both.

Plaintiffs' post-hoc request for leave to amend should be denied as untimely.  *Savignac*, 341 F.R.D. at 127 (leave must be sought "before filing").  If Plaintiffs seek leave as part of their MTD opposition, Defendants will explain in detail why the TAC resolves none of the fatal flaws that remain in their SAC.

As a preview, the TAC:

- still provides no facts showing Defendants ever had "information or believed that these lead cables were emitting lead into the environment in any widespread way that could pose severe risks to the business," Dkt. 90 at 17;

- continues to rely on impermissible group pleading and conclusory allegations, including vague references to "AT&T" and "upper management" supposedly refusing "to do the right thing," *see* TAC ¶ 234; and

- asserts "new" allegations that merely reiterate those this Court already found insufficient:  Defendants knew lead-clad cables existed, some remained in place, and lead generally can pose risks.  *See* TAC ¶¶ 173–78, 227–30, 261–64.

Plaintiffs' new scheme-liability claim doesn't solve anything, either.  Repackaging their failed misrepresentation claims as a scheme-liability claim neither pleads an actionable scheme nor pleads scienter for any Defendant (including the new ones).  *Yoshikawa v. Exxon Mobil Corp.*, 2023 WL 5489054, at *3, 9 (N.D. Tex. Aug. 24, 2023) (scheme liability requires both "scienter" and "conduct beyond the disputed statements and omissions themselves").  Plaintiffs' document-preparation allegations fail as a matter of law, and Plaintiffs don't allege any other potentially deceptive conduct.  *See SEC v. Rio Tinto plc*, 41 F.4th 47, 54 (2d Cir. 2022) (no "liability for 'participation in the preparation' of misstatements"); *Linenweber v. Sw. Airlines Co.*, 693 F. Supp. 3d 661, 687–88 (N.D. Tex. 2023) ("alleged safety issues and regulatory violations are not themselves fraudulent or deceptive").

But the Court need not address futility now.  If Plaintiffs seek leave as part of their MTD opposition—which is due the day after this reply—Defendants will explain in further detail why the TAC is futile and why this case should be dismissed with prejudice.

## CONCLUSION

Defendants respectfully request that the Court strike Plaintiffs' improperly filed TAC.  The Court should address, and deny as futile, Plaintiffs' request for leave to amend as part of its ruling on Defendants' motion to dismiss the SAC.

Dated: November 13, 2025

Respectfully Submitted,

**BAKER BOTTS L.L.P.**

*/s/ Amy Hefley*

Amy Hefley
Kirstie Wallace
910 Louisiana Street
Houston, Texas 77002
Telephone: (713) 229-1270
amy.hefley@bakerbotts.com
kirstie.wallace@bakerbotts.com

John B. Lawrence
2001 Ross Avenue, Suite 900
Dallas, Texas 75201
Telephone: (214) 953-6500
Facsimile: (214) 661-6503
john.lawrence@bakerbotts.com

James J. Beha II (admitted *pro hac vice*)
30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 408-2500
Facsimile: (212) 408-2501
jim.beha@bakerbotts.com

*Counsel for Defendants*